UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

FRESH AIR FOR THE EASTSIDE, INC., et al.,

                              Plaintiffs,

-vs-

WASTE MANAGEMENT OF NEW YORK, L.L.C., and the CITY OF NEW YORK,

                              Defendants.

DECISION AND ORDER

18-CV-6588-EAW-MJP

---

**Pedersen, M.J.** Plaintiffs Fresh Air for the Eastside, Inc. ("FAFE") and over two hundred other Plaintiffs (hereinafter, collectively, "Plaintiffs") filed an Amended Complaint alleging eight causes of action against Waste Management of New York (hereinafter "WMNY") and the City of New York as follows: (1) Under the Clean Air Act §304(A)(1) for current and repeated violations of Title V Permit against WMNY; (2) Under the Resource Conservation and Recovery Act (hereinafter "RCRA") §7002(A)(1) for continuing violation of RCRA standards against WMNY; (3) Under RCRA §7002(A)(1)(B) for an imminent and substantial endangerment against WMNY and NYC; (4) public nuisance against WMNY; (5) private nuisance against WMNY; (6) negligence and gross negligence against WMNY; (7) trespass against WMNY; and (8) public nuisance against NYC. (Am. Compl., Dec. 7, 2018, ECF No. 15.)¹ Some claims asserted by

---

¹ Two of Plaintiffs' claims, for private nuisance and trespass, were dismissed as a result of WMNY's motion to dismiss Plaintiffs' Amended Complaint in its entirety. (ECF No.

Plaintiffs are quite technical, such as, for example, their claims under the RCRA (*Id.* at ¶¶ 10, 322-412.) Plaintiffs claim there are "persistent, noxious, and offensive odors of garbage ('the Garbage Odors') and landfill gas ('Landfill Gas Odors . . .')" emanating from two landfills owned by WMNY located "at or near 425 Perinton Parkway in the Town of Perinton, Monroe County, and in the Town of Macedon, Wayne County, State of New York . . . ." (Am. Compl. ¶ 1, ECF No. 15.) The *FAFE* case is not a class action suit.

Also pending in the Western District of New York is a case titled *James W. D'Amico, on behalf of himself and all others similarly situated v. Waste Management of New York, LCC ("D'Amico")*, case number 18-CV-6080-EAW-MJP, in which Plaintiff D'Amico filed the operative Second Amended Complaint on behalf of himself and all others similarly situated, alleging negligence, gross negligence and nuisance against Defendant Waste Management of New York, LLC. (Second Am. Compl., 18-CV-6080-EAW-MJP, Apr 4, 2019, ECF No. 38.)[2] Plaintiff D'Amico is seeking class certification. Defendant operates the High Acres Landfill and Recycling Center in Fairport, New York, which Plaintiff claims emits noxious odors into Plaintiff's property and is one of the landfills at issue in the *FAFE* case. (*Id.* ¶1). Plaintiff D'Amico has not named the City of New York as a defendant.

Presently before the Court is WMNY's motion to consolidate this case and

---

[2] Plaintiff D'Amico made a motion seeking leave to file a Third Amended Complaint, which has not yet been decided. (ECF No. 53.) In addition, the nuisance and gross negligence claims were disposed of in Defendant's motion to dismiss. (ECF No. 33.)

the *D'Amico* case pursuant to Federal Rule of Civil Procedure 42 for discovery purposes only. (WMNY's Notice of Mot., Nov. 19, 2019, ECF No. 60.)[3] WMNY argues that consolidating the two cases for discovery purposes will increase efficiency by coordinating discovery in both cases "that will likely include the same type of discovery from the same witnesses," thus avoiding duplicative discovery. (WMNY's Mem. of Law at 1–2, ECF No. 60-1.) WMNY further asserts that neither party will suffer prejudice if this request is granted because neither case would be significantly delayed with the imposition of a formal coordinated scheduling order. (*Id.* at 2.) Finally, WMNY argues that if consolidation is not granted, there is the risk of duplicative discovery, which could result in delays in both cases. (*Id.*)

Plaintiffs oppose consolidation on several grounds. First, Plaintiffs assert that WMNY's motion is premature because scheduling orders have not been issued in either case so it is pointless to try to consolidate at this juncture [Pls.' Response, Dec. 3, 2019 at 3, ECF No. 62.)[4] Plaintiffs also argue that because there is a pending motion to amend Plaintiff's Complaint in the *D'Amico* case, WMNY's motion to consolidate is premature, particularly given that Plaintiff D'Amico has the burden of establishing common questions of facts or law, which decidedly cannot be done until he knows what claims he is asserting. (*Id.*)

---

[3] Defendant filed a similar motion in the *D'Amico* case (ECF No. 62.)

[4] A scheduling order was entered in this case on 12/11/19 (ECF No. 66.) and in the *D'Amico* case on 12/6/19. (ECF No. 69.) Since the scheduling orders have been filed, Plaintiffs' argument on this issue is moot.

3

Plaintiffs further argue that they will suffer prejudice if consolidation is granted because they seek injunctive relief to end the "daily harm, continuing violations, and continuing endangerment" they are suffering and because this case will be delayed based upon irrelevant issues in the *D'Amico* case, such as class certification (*Id.* at 4.) Plaintiffs allege that, while both cases assert a claim for negligence, Plaintiffs have asserted numerous other nuanced and complex claims, which will require discovery on completely different issues than those in *D'Amico* such that consolidation would not be efficient (*Id.* at 5-6.) In addition, Plaintiffs contend that formal consolidation will not be more efficient because WMNY's document production will be largely electronic, thus lessening the burden to produce paper documents twice. They also contend that both parties have agreed to cross-notice depositions with *D'Amico* and coordinate some fact discovery in the interests of judicial economy (*Id.* at 8). For these reasons, Plaintiffs argue that WMNY has failed to demonstrate how formal consolidation would be beneficial (*Id.*).

WMNY asserts in its reply that the two cases should be consolidated for factual discovery and that the "class certification phase in *D'Amico* can serve as the fork in the road for the two cases to potentially go their separate ways." (WMNY's Reply Mem. of Law at 1, Dec. 9, 2019, ECF No. 65.) WMNY continues to argue that formal consolidation is the preferred path for factual discovery as it will avoid duplication of discovery efforts for the parties, non-parties and the Court (*Id.* at 6.) WMNY also asserts that neither Plaintiffs nor Plaintiff D'Amico

4

will suffer prejudice as a result of consolidation (*Id.* at 10.) WMNY contends that the reasons articulated by Plaintiffs as to why they would suffer prejudice from consolidation are moot and/or unsupportable (*Id.* at 10-12.) WMNY alleges that Plaintiffs assert that they will be prejudiced because if the cases were formally consolidated for all discovery, they would suffer delay related to the class certification proceedings in the *D'Amico* case, and expert discovery in their case [*Id.* at 10-11]. WMNY also asserts that Plaintiffs allege that they suffer prejudice every day the litigation is delayed because of their "continuing endangerment." (*Id.* at 11.) Finally, WMNY reiterates that both cases share a common question of fact or law because both concern negligence claims and that identity of parties is not necessary for consolidation (*Id.* at 13-15.)

Rule 42(a) of the Federal Rules of Civil Procedures provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts have broad discretion when determining whether consolidation is appropriate. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990); *Solvent Chemical Co. ICC Industries, Inc. v. E.I. Dupont De Nemours & Co.*, 242 F.Supp.2d 196, 221 (W.D.N.Y. 2002). "In exercising its discretion, the trial court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues." *Velazquez v. Suffolk Cty.*, No. 18-CV-5115(JS)(ARL), 2019 WL

2124859 at *4 (E.D.N.Y. May 15, 2019) (*citing Johnson*, 889 F.2d at 1285). The moving party bears the burden on a motion to consolidate. *Id.* at 222 (*citations omitted*).

The Court finds that formal consolidation risks prejudicing Plaintiffs due to the likelihood of significant delay involving the class certification issue in *D'Amico*.[5] The Court is concerned that if the cases were formally consolidated, WMNY would have the ability to delay either case to meet its needs. In addition, the cases are not in the same procedural position given that Plaintiff D'Amico has a pending motion to amend his Complaint for the third time, which could alter the claims he asserts and thus the discovery he will need to conduct. (18-CV-6080-EAW-MJP, ECF No. 53.) Plaintiffs, on the other hand, are ready to proceed to the discovery stage. Accordingly, consolidation is not warranted. *See Environ Corp. v. Clestra Cleanroom, Inc.*, 5:98CV120(HGM), 2002 WL 31115664, at *3 (N.D.N.Y. Sept. 24, 2002) (denying motion to consolidate where cases were at different stages in the litigation and consolidating "would create unnecessary delay that would not outweigh the interest of judicial convenience.").

---

[5] While WMNY argues that Plaintiffs will suffer "zero prejudice" if the cases were united for fact discovery purposes (WMNY Reply at 1, ECF No. 65.), it does not address the fact that Defendant has represented to the Court that it intends to take the depositions of numerous *FAFE* Plaintiffs as part of the factual discovery related to class certification in *D'Amico*, such that it is foreseeable that the *FAFE* litigation will be delayed.

The Court further finds that formal consolidation is not warranted given the variance in legal facts and issues in the two actions, despite the fact that there may be an overlapping legal claim and factual allegations. *See European Community v. RJR Nabisco, Inc.*, 150 F.Supp.2d 456, 461 (E.D.N.Y. 2001) (cases deconsolidated despite sharing common legal and factual issues where consolidation would delay resolution of matters.) WMNY seeks to consolidate the *D'Amico* matter with this case that has literally hundreds of Plaintiffs with varying degrees of alleged damages stemming from certain technical claims not asserted in *D'Amico* rendering formal consolidation inappropriate.

Further, formal consolidation for discovery purposes is not in the interests of judicial convenience and economy given that the two cases will likely diverge for discovery purposes until the class certification issue is decided. Given the range of claims, some of which are technical, asserted by Plaintiffs as compared to the sole negligence claim asserted by Plaintiff D'Amico, the discovery being sought in each case at this initial stage will, in all likelihood, be varying. This places a heavy burden on the Court to try to fit both cases into the same mold for purposes of discovery. The Court finds that informal consolidation of the two cases for fact discovery related to class certification is the appropriate route in this case.[6]

---

[6] WMNY does not dispute that all parties in both cases agree to conduct consolidated informal factual discovery (Def.'s Reply at 1, ECF No. 65.)

For the reasons set forth above, the Court **DENIES** Defendant's motion to consolidate the present case with the *D'Amico* case for the purposes of discovery (ECF No. 60.), without prejudice.

IT IS SO ORDERED.

DATED: December 16, 2019
Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge