UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRESH AIR FOR THE EASTSIDE, INC., et al.,

|                                                           |                          |
|-----------------------------------------------------------|--------------------------|
| Plaintiffs,                                               | Case # 18-CV-6588-FPG    |
| v.                                                        | DECISION AND ORDER       |
| WASTE MANAGEMENT OF<br>NEW YORK, L.L.C., and THE CITY OF<br>NEW YORK, |                          |
| Defendants.                                               |                          |

## INTRODUCTION

Plaintiff Fresh Air for the Eastside, Inc. ("FAFE") and approximately 200 individual plaintiffs (collectively, "Plaintiffs") filed this action against Waste Management of New York, LLC ("WMNY") and New York City ("NYC") (collectively, "Defendants") alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, (the "CAA"), and state law claims for public nuisance, private nuisance, ordinary negligence, gross negligence, and trespass. These claims arise from WMNY's operation of the High Acres Landfill and Recycling Center in Perinton, New York, and NYC's agreement with WMNY to ship municipal solid waste to the Landfill each year for thirty years. *See* ECF No. 15; ECF No. 44 at 1.

Presently before the Court are WMNY's motion to dismiss the Second Amended Complaint, ECF No. 83, and NYC's motion to dismiss the Second Amended Complaint, ECF No. 85. For the following reasons, WMNY's motion to dismiss is GRANTED as to the private nuisance and trespass claims but it is otherwise DENIED; and NYC's motion to dismiss is DENIED in its entirety.

**BACKGROUND**

Plaintiffs filed their initial complaint in this matter on August 14, 2018. ECF No. 1. They subsequently filed an Amended Complaint, ECF No. 15, and each Defendant filed a motion to dismiss the Amended Complaint, ECF Nos. 22, 26, 27. On September 16, 2019, Judge Elizabeth Wolford issued a Decision & Order, ECF No. 44, in which she (1) granted WMNY's motion to dismiss the private nuisance and trespass claims, but denied the motion as to all other claims; and (2) denied NYC's motion to dismiss. Each Defendant filed an Answer on October 28, 2019, ECF Nos. 50, 51, and this case was referred to a Magistrate Judge for all pretrial matters excluding dispositive motions, ECF No. 52.

On May 1, 2020, Plaintiffs filed a motion seeking leave to amend the Amended Complaint. ECF No. 73. Specifically, Plaintiffs sought to (1) add several Plaintiffs;[1] (2) dismiss the claims of several other Plaintiffs without prejudice;[2] and (3) "amend[ ] the caption, fix[ ] minor typos and grammatical errors, remove[ ] any specific mention of the Withdrawing Plaintiffs, and update[ ] various paragraphs as necessary for the amendment." ECF No. 73-1 at 1-2. Plaintiffs attached to their motion a proposed Second Amended Complaint with redlined changes. *See* ECF No. 73-2. Neither Defendant opposed the motion. *See* ECF No. 78 at 1. On May 19, 2020, Magistrate Judge Mark Pedersen granted Plaintiffs' motion for leave to file and serve the Second Amended Complaint. ECF No. 78 at 2. Plaintiffs filed the Second Amended Complaint on May 22, 2020. ECF No. 79. Defendants filed their respective motions to dismiss the Second Amended Complaint on June 17, 2020. ECF Nos. 83, 85.

---

[1] The Second Amended Complaint added Jennifer Collins, Michael Collins, William Kingston, Anne Moss, Bridget Myers, Joshua Myers, Gregory Vavrick, Kathleen Vavrick, Donna Volpe, Dawn White, Glenn White, and Whitney Hill Farm LLC.

[2] The "Withdrawing Plaintiffs" were Maryl Calderon-Singer, Laura Clark, Cooper Gilbert, Mark Laskoski, Corrine Renault, Jon Renault, Cheryl Schmidt, and Charlie Shoemaker.

On August 21, 2020, the case was reassigned to this Court. On September 1, 2020, the Court granted the parties' joint stipulation to dismiss Plaintiffs Elizabeth Agte, Glenn Batchelor, Kim Garrison, Harvey Gross, William Kingston, Anne Moss, and David Schinsing, and those seven Plaintiffs were thus dismissed from this action.[3] *See* ECF Nos. 97, 99. Presently before the Court are Defendants' motions to dismiss the Second Amended Complaint. Because those motions raise arguments previously litigated in this case, the Court must examine law of the case doctrine in ruling on Defendants' motions.

## DISCUSSION

### I.      Law of the Case Doctrine

"Any questions of law ruled upon earlier in this litigation are revisited through the lens of law of the case doctrine, which provides that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.'" *Laurent v. PriceWaterhouseCoopers LLP*, 963 F. Supp. 2d 310, 314 (S.D.N.Y. 2013) (quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991)). This principle "holds true even where a case has been reassigned to a new judge." *Laurent*, 963 F. Supp. 2d at 314. However, the law of the case doctrine is "admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Despite this discretion, courts typically depart from the law of the case doctrine only for "cogent or compelling reasons including an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (citation & internal quotation marks omitted); *see also Virgin Atl.*

---

[3] William Kingston and Anne Moss were among the Plaintiffs added in the Second Amended Complaint.

*Airways, Ltd.*, 956 F.2d at 1255 ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." (citation & internal quotation marks omitted)); *Laurent*, 963 F. Supp. 2d at 314 ("Under law of the case doctrine, the principal bases for departure from a prior ruling include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983))).

## II.   Defendants' Motions to Dismiss

### A.   Private Nuisance (Count V) and Trespass (Count VII) against WMNY

Judge Wolford's September 16, 2020 Decision & Order dismissed with prejudice the private nuisance and trespass claims in Plaintiffs' Amended Complaint against WMNY. *See* ECF No. 44 at 2. Despite this dismissal, Plaintiffs' Second Amended Complaint included the same private nuisance and trespass claims against WMNY that were dismissed in the Amended Complaint. *See* ECF No. 79 at 73, 75-76 .

WMNY argues that Plaintiffs "should not be permitted to assert these previously-dismissed claims anew now." ECF No. 83-2 at 5. Plaintiffs do not dispute that the law of the case doctrine should be applied to these claims and that dismissal is warranted. *See* ECF No. 90 at 16. Indeed, "[t]he mere filing of an Amended Complaint does not entitle Plaintiff to relitigate his claims absent new factual allegations." *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015). Thus, WMNY's motion to dismiss Plaintiffs' private nuisance and trespass claims is GRANTED and those claims are DISMISSED with prejudice.

**B.      RCRA §7002(A)(1)(B) (Count III), Negligence (Count VI), Public Nuisance (Counts IV and VIII)**

In their motions, Defendants present numerous arguments why Counts III, IV, VI, and VIII should be dismissed. Defendants' arguments raise the same legal issues as their prior motions to dismiss the Amended Complaint and all of those arguments were addressed in Judge Wolford's September 16, 2020 Decision & Order. The Court finds no reason to depart from the law of the case because Defendants have failed to present "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

The most compelling of Defendants' contentions is that the addition of new plaintiffs, including Whitney Hill Farm LLC, requires examination of whether the Second Amended Complaint sufficiently alleges "special injury" on the public nuisance claims, and personal injury or property damage on the negligence claims. *See* ECF No. 83-2 at 6-7; ECF No. 85-2 at 7. However, as Plaintiffs point out, the term "Plaintiffs" in the Second Amended Complaint is defined to include the newly added plaintiffs, thus the allegations as to those plaintiffs are sufficient just as they were as to other plaintiffs at the time of Judge Wolford's Decision & Order. *See In re MTC Elec. Techs. S'holder Litig.*, 74 F. Supp. 2d 276, 282 (E.D.N.Y. 1999) ("First, [defendant] points out that at the time the issue was previously litigated, the additional plaintiffs who raised RICO claims in the second and third amended complaints were not in the case. However, the allegations made by the later-added plaintiffs are identical to those [defendant] originally sought to dismiss; the addition of these RICO plaintiffs therefore changes nothing for purposes of the law of the case.").

### C.      Defendants' Remaining Arguments

Finally, WMNY incorporates by reference, and in a bulleted list, arguments from its earlier motion to dismiss, asserting that "[t]he vast majority of the [Second Amended Complaint] is substantively identical to the Amended Complaint, and WMNY maintains that each of the asserted causes of action should be dismissed for all of the reasons previously discussed." ECF No. 83-2 at 12-15. NYC joins this portion of WMNY's motion. *See* ECF No. 85-2 at 9-10.

Again, Judge Wolford considered these arguments in her September 16, 2020 Decision & Order. "[A] court should be 'loathe to revisit an earlier decision in the absence of extraordinary circumstances.'" *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 315-16 (S.D.N.Y. 2015) (quoting *N. River Ins. Co. v. Phila. Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir. 1995) (internal quotation marks omitted)). Defendants have not presented any "extraordinary circumstances" that warrant disturbing the Court's prior rulings. Accordingly, Defendants' motions to dismiss the claims in Plaintiffs' Second Amended Complaint based upon the arguments raised in their prior motions are DENIED.

### CONCLUSION

For the foregoing reasons, WMNY's motion to dismiss the Second Amended Complaint, ECF No. 83, is GRANTED as to the private nuisance and trespass claims but is DENIED as to all other claims; and NYC's motion to dismiss, ECF No. 85, is DENIED.

IT IS SO ORDERED.

Dated: October 27, 2020
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court