UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRESH AIR FOR THE EASTSIDE, INC.,
et al.,

                Plaintiffs,

        v.                                        Case # 18-CV-06588-FPG-MJP
                                                      DECISION AND ORDER

WASTE MANAGEMENT OF NEW
YORK LLC, and THE CITY OF NEW
YORK,

                Defendants.
_____

## INTRODCUTION

      Fresh Air for the Eastside, Inc., Whitney Hill Farm LLC, and over 220 individual plaintiffs filed this action against Waste Management of New York, LLC and New York City alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.*, the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and New York State law.  ECF No. 79.

      On May 13, 2020, Knauf Shaw LLP, counsel for plaintiffs, informed the Court that plaintiff John Ramsperger had passed away and requested an extension of time to substitute the proper party.  ECF No. 74.  The Court granted that motion, requiring any substitution to occur on or by August 17, 2020.  ECF No. 75.  No motion to substitute was filed.

      On August 27, 2020, Knauf Shaw LLP filed a motion with the Court to withdraw as counsel for ten of the individual plaintiffs.  ECF No. 98.  This Court granted that motion on September 1, 2020.  ECF No. 99.  Knauf Shaw LLP was ordered to serve the newly *pro se* plaintiffs with a copy of the minute entry granting the motion and requiring those plaintiffs to write to the Court to update their addresses by September 22, 2020.  *Id.*  Most of the plaintiffs failed to do so.

1

Presently before the Court are eight motions. On December 8, 2021, Defendants filed a motion to dismiss the claims of John Ramsperger for failure to file a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a)(1). ECF No. 147. On December 27, 2021, Defendants filed motions to dismiss claims asserted by Chad Anderson, Julie Anderson, John Turano, Sherrie Turano, Nicole Thibault, Peter Schuch, and John Fish (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(c), 16(f)(1)(C), and 41(b), and Local Rule 5.2(d). ECF Nos. 150, 152-157

For the following reasons, Defendants' motions are GRANTED.

## DISCUSSION

**I.  Dismissal of John Ramsperger's Claims**

Federal Rule of Civil Procedure 25(a)(1) states that if a motion to substitute "is not made within 90 days after service of a statement noting the death [of a party], the action by or against the decedent must be dismissed." As set forth above, notice of John Ramsperger's death was filed on the Court's electronic docket on May 13, 2020.[1] ECF No. 74. This started the clock. *See* Fed. R. Civ. P. 5(b)(2) (noting that a paper is served by sending it to a registered user by filing it with the court's electronic-filing system). Well more than 180 days—encompassing the 90 days permitted by Rule 25(a)(1) and the granted extension—have passed and no motion to substitute has been filed. Therefore, this Court grants Defendants' motion to dismiss the claims of John Ramsperger, ECF No. 147.

---

[1] Courts in this Circuit have held that a suggestion of death is ineffective if served by counsel for the decedent because counsel no longer has authority to act on a client's behalf upon his or her death. *See, e.g.*, *Feaster v. N.Y. State Dep't of Corr.*, No. 17-cv-1151V(F), 2021 WL 1405655, at *2 (W.D.N.Y. Apr. 14, 2021); *Int'l Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 66 (W.D.N.Y. 1997); *Smith v. Planas*, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993); *Al-Jundi v. Estate of Rockefeller*, 757 F. Supp. 206, 210 (W.D.N.Y 1990). This rule does not affect the suggestion of death filed and served in this case, however, because Knauf Shaw LLP also represented other plaintiffs when it filed its letter. *See* ECF No. 74.

II.     **Dismissal of Plaintiffs' Claims**

Defendants move to dismiss the claims brought by Plaintiffs for several reasons. First, they note that these Plaintiffs have not participated in the litigation since Knauf Shaw LLP withdrew as their counsel over a year and a half ago. *See, e.g.*, ECF No. 150-24 at 3-4. Second, Plaintiffs have not complied with this Court's order directing them to update their addresses. *Id.* at 3. Third, Defendants argue that these Plaintiffs' claims are barred under the doctrine of res judicata based on the class action settlement that was entered in *D'Amico v. Waste Management of New York, LLC*, No. 6:18-cv-6080 (W.D.N.Y.). *Id.* at 4-8. Finally, Defendants add that Plaintiffs' claims are barred under the release and covenant not to sue contained within the *D'Amico* settlement agreement. *Id.* at 8-9.

As stated above, on September 1, 2020, this Court granted Plaintiffs' former counsel's unopposed motion to withdraw as their attorney. ECF No. 99. The Court ordered Knauf Shaw LLP to serve its former clients with a copy of the minute entry granting the motion, which also included an instruction that Plaintiffs, now *pro se*, "shall write to the Court to update their addresses no later than 9/22/2020." *Id.* This instruction was consistent with this Court's Local Rule 5.2(d), which states: "The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice."

Defendants have attached to their motions an affidavit of service noting that Plaintiffs were provided a copy of ECF No. 99 by certified mail return receipt requested. *See, e.g.*, ECF No. 150-23. It has been more than a year and a half since Plaintiffs became *pro se* litigants and since the Court required them to provide their addresses. Still, the Court has heard nothing.

3

In addition to Local Rule 5.2(d), Federal Rule of Civil Procedure 16(f) incorporates Rule 37(b)(2)(A)(ii)-(vii) and grants the Court the authority to dismiss an action if a party fails to obey a pretrial order. "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (internal quotation marks and citation omitted).

"To determine the appropriate sanction under Rule 37, courts evaluate four factors: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Branford v. Research Foundation of SUNY*, No. 05-cv-0344, 2009 WL 1851280, at *3 (W.D.N.Y. June 29, 2009) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009)).

No justification for Plaintiffs' noncompliance is discernable. This is supported by the fact that Plaintiffs were served with the Court's instruction. *See* ECF No. 150-23. It is further supported by the fact that one of the other plaintiffs previously represented by Knauf Shaw LLP wrote to the Court to update his address. ECF No. 105. Again, Plaintiffs have been afforded approximately a year and a half to comply with the Court's instruction or inform the Court of any issues but have chosen otherwise. While the Court's order did not contain a warning of the consequences of noncompliance, "the Court has been effectively prevented from warning [them now] that this action is subject to dismissal because of [their] own failure to keep the Court apprised of [their] address[es]." *Gonzalez v. Hunt*, 308 F. Supp. 3d 734, 736 (W.D.N.Y. 2018).

Pursuant to Local Rule 5.2(d) and Federal Rule of Civil Procedure 16(f), this Court grants Defendants' motions to dismiss the claims of Plaintiffs but does so without prejudice based on the lack of explicit warning of such a possible consequence in the minute entry sent to them.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the claims of plaintiff John Ramsperger, ECF No. 147, is GRANTED, and Defendants' motions to dismiss the claims of Plaintiffs Chad Anderson, Julie Anderson, John Turano, Sherrie Turano, Nicole Thibault, Peter Schuch, and John Fish, ECF No. 150, 152-157, are GRANTED.  The Clerk of the Court is respectfully directed to terminate these plaintiffs as parties to this action.

IT IS SO ORDERED.

Dated: April 6, 2022
Rochester, New York

_____
FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NEW YORK

---

[2] Because the Court finds that Plaintiffs' claims should be dismissed for these reasons, it does not reach the remaining arguments in Defendants' motions.