UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRESH AIR FOR THE EASTSIDE, INC., et al.,

                                                       Plaintiffs,            Case # 18-CV-6588-FPG

v.                                                                           DECISION AND ORDER

WASTE MANAGEMENT OF
NEW YORK, L.L.C., and THE CITY OF
NEW YORK,

                                                       Defendants.
_____

## INTRODUCTION

Plaintiff Fresh Air for the Eastside, Inc. ("FAFE") and approximately 200 individual plaintiffs (collectively, "Plaintiffs") filed this action against Waste Management of New York, LLC ("Defendant") and New York City ("NYC") alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, (the "CAA"), and state law claims for public nuisance, private nuisance, ordinary negligence, gross negligence, and trespass.[1] These claims arise from Defendant's operation of the High Acres Landfill and Recycling Center in Perinton, New York, and NYC's agreement with Defendant to ship municipal solid waste to the Landfill each year for thirty years. *See* ECF No. 15; ECF No. 44 at 1.

Presently before the Court are Plaintiffs' objections to United States Magistrate Judge Mark W. Pedersen's Order which, *inter alia*, (1) directed Plaintiffs to provide Defendant with medical authorizations for any Plaintiff claiming "physical impacts/injuries"; and (2) directed Plaintiffs to supplement their responses to Interrogatory Nos. 8 through 11. ECF No. 127 at 4.

---

[1] While NYC is still a party on the docket in this action, it was not involved in the instant dispute.

1

For the following reasons, Plaintiffs' First Objection and Third Objection are SUSTAINED; those portions of Judge Pedersen's Order, ECF No. 127, are VACATED as set forth below. Plaintiff's Second Objection is OVERRULED AS MOOT.

## BACKGROUND[2]

During discovery in this matter, Defendant moved to compel Plaintiffs to provide access to their medical records. ECF No. 101-1. Plaintiffs opposed that motion. ECF No. 107; ECF No. 108.

Judge Pedersen granted Defendant's motion insofar as he ordered:

> Based upon the various impacts/injuries reported by 159 Plaintiffs as demonstrated in Exhibits $L^1$-$L^{159}$ attached to the Affirmation of Joseph D. Piciotti, dated October 1, 2020, the undersigned finds that the listed impacts/injuries are more than "garden variety" or "quality of life" claims, which entitles WMNY to authorizations to obtain medical records to the extent that physical impacts are claimed, limited, however, to those records reflecting "medical conditions the symptoms of or treatment for which could have resulted in the same type of physical symptoms that Plaintiffs have described" for one year prior to and one year subsequent to the three-year period at issue in this matter. *See EEOC v. Nichols*, 256 F.R.D. 114, 122-123 (W.D.N.Y. 2009). Each Identified Plaintiff, as well as each other Plaintiff intending to introduce evidence of, or seek damages for, physical impacts/injuries must provide these authorizations by October 22, 2021. The Court further finds that WMNY must meet a higher threshold to obtain psychotherapist records as recognized by the Supreme Court in *Jaffe v. Redmond*, 518 U.S. 1, 116 (1996). Accordingly, if WMNY finds during depositions that any Plaintiffs sought psychotherapy treatment, WMNY is permitted to return to this Court to put forth arguments as to why it is entitled to authorizations to obtain any such records[.]

ECF No. 127 at 4.

Plaintiffs filed objections to Judge Pedersen's Order on three grounds. ECF No. 130. First, Plaintiffs assert that, because they have alleged loss of quality of life and/or "garden-variety" impacts, rather than personal injuries, this Court should vacate Judge Pedersen's Order "to the

---

[2] The Court assumes the parties' familiarity with the underlying facts and full record of prior proceedings in this matter.

extent it found that Plaintiffs' impacts were more than allegations to support their claims of loss of quality of life claims or garden-variety impacts."³  ECF No. 130 at 2.

Second, Plaintiffs argue that Judge Pedersen erred in "lump[ing] all of the Plaintiffs and their individual alleged impacts together." *Id.*  Thus, they request this Court vacate that portion of Judge Pedersen's Order or "modify the [o]rder to specifically enumerate which impacts, if any, go beyond a loss of quality of life and/or garden-variety claim, and which do not require any production." *Id.*

Finally, Plaintiffs urge this Court to find that their responses to WMNY Interrogatories 8 through 11 are sufficient because they "have expressly disavowed any personal injury claims." *Id.*  Thus, they would have this Court vacate the portion of the Order requiring all Plaintiffs to supplement their responses to Interrogatories 8 through 11. *Id.*

Defendant responded to Plaintiffs' objections requesting that this Court affirm Judge Pedersen's Order, ECF No. 137, and Plaintiffs filed a reply brief, ECF No. 139.

**LEGAL STANDARD**

"Section 636(b)(1)(A) of Title 28 of the United States Code permits a district judge to 'designate a magistrate judge to hear and determine any [nondispositive] pretrial matter,' not otherwise expressly excluded therein.  Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a).  Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." *Id.*;

---

³ The "impacts" which Plaintiffs allege are as follows: worry/fear; stress; anxiety/nervousness; frustration/anger/upset; discomfort and annoyance; mental anguish; embarrassment; headaches and head impacts; migraines; eye irritation/impacts; throat irritation/impacts; nausea/sickness feeling; nose irritation; choking/gagging; breathing impacts/coughing; vomiting; sleep impacts; loss of appetite; and increased allergies.  ECF No. 130 at 7.

3

*see also* Fed. R. Civ. P. 72(a). However, a party may not assign as error any defect in a magistrate judge's order to which no timely objection has been made. Fed. R. Civ. P. 72(a). "This standard of review is highly deferential, and magistrate judges are afforded broad discretion in resolving nondispositive disputes[;] reversal is appropriate only if their discretion is abused." *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F.Supp.3d 774, 783-84 (S.D.N.Y. 2021) (citation & internal quotation marks omitted).

## DISCUSSION

### I. Plaintiffs' First Objection

Plaintiffs' first objection is that they should not have to produce their medical records since they are not claiming personal injuries. Rather, Plaintiffs contend, the "impacts" they have identified, including any "physical" manifestations, merely "support their damages for loss of quality of life as part of the New York State tort claims."[4] ECF No. 130 at 6. Various Plaintiffs assert that the landfill at issue in this case has caused them to experience the following "impacts": worry/fear; stress; anxiety/nervousness; frustration/anger/upset; discomfort and annoyance; mental anguish; embarrassment; headaches and head impacts; migraines; eye irritation/impacts; throat irritation/impacts; nausea/sickness feeling; nose irritation; choking/gagging; breathing impacts/coughing; vomiting; sleep impacts; loss of appetite; and increased allergies. ECF No. 130 at 7. In response, Defendant asserts that Judge Pedersen correctly compelled each Plaintiff putting his or her medical condition at issue to produce pertinent medical records. ECF No. 137 at 5.

The Court concludes that Judge Pedersen's finding that the Plaintiffs' alleged impacts/injuries are more than "garden variety" or "quality of life" claims is contrary to the case

---

[4] Plaintiffs allege causes of action based upon, *inter alia*, common law theories of public nuisance, private nuisance, trespass, negligence, and gross negligence. ECF No. 130 at 3.

law in this Circuit and, for the reasons set forth below, vacates the portion of the Order that requires Plaintiffs to provide medical authorizations.

In this case, Plaintiffs have disavowed any personal injury claims based upon the identified impacts. *See* ECF No. 130 at 6. Moreover, Plaintiffs have explicitly stated that they "do not intend to offer at trial any psychological or medical testimony or medical records to support [their] allegations" regarding the alleged impacts. *Id.* at 9. Courts in this Circuit have found that such disclaimers support a finding that a plaintiff's alleged impacts or injuries amount to nothing more than "garden variety" distress.[5] *See Mitchell v. Siersma*, No. 14-CV-6069, 2017 WL 2991425, at *2-3 (W.D.N.Y. July 14, 2017) (finding claim amounted to one for "garden variety" distress, where plaintiff "explicitly disavowed any emotional distress claims other than garden variety claims" and "does not intend to offer at trial psychological or medical testimony or records to support [his] claims of emotional distress"); *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 121 (W.D.N.Y. 2009) (same); *E.E.O.C. v. First Wireless Group, Inc.*, No. 03-CV-4990, 2007 WL 586720, at *7 (E.D.N.Y. Feb. 20, 2007) (considering plaintiff's "willing[ness] to stipulate to seeking recovery limited to garden-variety claims" in upholding magistrate judge's denial of motion to compel).

Furthermore, and in light of Plaintiffs' representations that they (1) are not bringing personal injury claims based upon the alleged impacts and (2) do not intend to offer at trial any psychological or medical testimony or medical records to support their allegations regarding those impacts, the Court finds clear error in Judge Pedersen's attempt to "carveout" those impacts that

---

[5] "Garden variety damages are claims for compensation for nothing more than the distress [that] any healthy, well-adjusted person would likely feel as a result of being so victimized . . . ." *Doherty v. Bice*, 18 Civ. 10898, 2021 WL 4219696, at *2 n.2 (S.D.N.Y. Sept. 15, 2021) (citations & internal quotation marks omitted).

are physical in nature, and require medical authorizations as to those impacts only, while reserving a higher threshold to obtain psychotherapist records. *See* ECF No. 127 at 4.

The Court agrees with Plaintiffs' contention that the Order "improperly characterized" some of the impacts as "physical injuries" rather than "loss of quality of life and/or mere garden variety impacts." ECF No. 130 at 7. Based upon the case law in this Circuit, the impacts alleged are akin to those present in "garden variety" claims. *See Duarte v. St. Barnabas Hospital*, 341 F.Supp.3d 306, 321 (S.D.N.Y. 2018) ("Plaintiff's vague and subjective complaints of insomnia, lower self-esteem, depression, anxiety, and stomach aches and headaches—unsupported by medical corroboration—establish no more than 'garden variety' emotional distress"); *Munson v. Diamond*, 2017 WL 4863096, at *3 (S.D.N.Y. June 1, 2017) (finding "distress, mental anguish, loss of self-esteem, anxiety, disturbed sleep, stomach problems, embarrassment, and migraines" supported "garden-variety" claims in the absence of supporting medical records); *First Wireless Group, Inc.*, 2007 WL 586720, at *7 (finding that "[t]eary eyes, loss of sleep, and a desire for counseling" fell within the ambit of "garden-variety claims").

Accordingly, the Court vacates the Order to the extent it found that Plaintiffs' alleged impacts were more than mere allegations of garden variety impacts. *See Lockett v. Target Corp.*, No. 3:20-cv-1912021, WL 6498200, at *2 (D. Conn. May 19, 2021) ("The Court grants defendant's request, except to the extent it seeks the production of medical records. Since plaintiff claims garden variety emotional distress damages, her medical history is not relevant.") However, Defendants are entitled to rely on Plaintiffs' representation that they seek nothing more than garden variety damages based upon the alleged impacts. *See Mitchell*, 2017 WL 2991425, at *3 (noting that plaintiff "may not offer evidence in this lawsuit, including his own testimony, that is

inconsistent with those representations and his claim for garden variety emotional distress damages.").

## II. Plaintiffs' Second Objection

Plaintiffs' second objection is that "it was clearly erroneous and contrary to law for the Order to lump all of Plaintiffs' allegations together as either 'physical' or 'psychological.'" ECF No. 130 at 12. Moreover, Plaintiffs ask the Court to "specifically enumerate which impacts step outside a loss of quality of life and/or garden variety claim, if any." Based upon the Court's ruling with regard to Plaintiffs' first objection that the alleged impacts amount to no more than garden-variety claims, Plaintiffs' second objection is OVERRULED AS MOOT.

## III. Plaintiffs' Third Objection

Plaintiffs' third objection is to the portion of the Order which requires them to supplement their responses to Interrogatory Nos. 8, 9, 10, and 11. ECF No. 130 at 13. Specifically, Judge Pedersen ruled as follows in the Order:

> Each Plaintiff must supplement his or her responses to Interrogatory Nos. 8 through 11 . . . to identify the total amount of damages sought by said Plaintiff, to identify the categories of damages he or she is seeking to recover, and to explain his or her damages calculations with reference to any relevant documents.

ECF No. 127 at 5. For the reasons that follow, the Court finds that this portion of the Order is also clearly erroneous and must be vacated.

Plaintiffs have expressly disclaimed personal injuries, medical expense damages, pain and suffering damages, and lost wages. *See* ECF No. 139 at 8-10; ECF No. 130 at 13-17. Moreover, Plaintiffs' disclosures provide specific calculations of their estimated damages for, *inter alia*, "loss of quality of life, aggravation, and annoyance." *See* ECF No. 139 at 10 (citing ECF No. 107).

In addition, as Plaintiffs argue, the nature of garden variety damages themselves obviate the need for supplementation of Plaintiffs' responses to the Interrogatories at issue. *See* ECF No.

7

130 at 16. "[For] 'garden variety' emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Duarte v. St. Barnabas Hospital*, 341 F. Supp. 3d 306, 319 (S.D.N.Y. 2018) (citation & internal quotation marks omitted). "Such claims typically lack extraordinary circumstances and are not supported by any medical corroboration" and "generally merit $30,000.00 to $125,000.00 awards." *Id.*

Accordingly, based upon (1) the responses Plaintiffs have already provided; (2) their disavowal of certain categories of damages; and (3) the nature of "garden variety" damages, the Court finds that "there is nothing left for Plaintiffs to say in response to these Interrogatories," ECF No. 130 at 16, and vacates the portion of the Order directing Plaintiffs to supplement their responses.

## CONCLUSION

For the foregoing reasons, Plaintiffs' First Objection and Third Objection are SUSTAINED and those portions of Judge Pedersen's Order are VACATED; and Plaintiffs' Second Objection is OVERRULED AS MOOT. Discovery in this matter is ongoing and the current discovery deadline is January 21, 2022. *See* ECF No. 148.

IT IS SO ORDERED.

Dated: November 23, 2022
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York