UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRESH AIR FOR THE EASTSIDE, INC. et al,

                              Plaintiffs,

                                                                               Case # 18-CV-6588-FPG

v.

                                                                             DECISION AND ORDER

WASTE MANAGEMENT OF NEW YORK, L.L.C.

                              Defendant.
_____

## INTRODUCTION

On August 14, 2018, Plaintiff Fresh Air for the Eastside, Inc. ("FAFE") and approximately 200 individual plaintiffs (collectively, "Plaintiffs") brought this action against Waste Management of New York, LLC ("Defendant" or "WMNY") and New York City ("NYC"), alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq*. ("RCRA"), the Clean Air Act, 42 U.S.C. § 7401 *et seq*., (the "CAA"), and state law claims for public nuisance, private nuisance, ordinary negligence, gross negligence, and trespass.[1] ECF No. 1. Plaintiffs' claims challenge Defendant's operation of the High Acres Landfill and Recycling Center in Perinton, New York (the "Landfill"), and NYC's longstanding agreement with Defendant to ship municipal solid waste to the Landfill. *See* ECF No. 15; ECF No. 44 at 1.

On August 27, 2021, Magistrate Judge Mark W. Pedersen denied without prejudice Defendant's motion to compel discovery of Plaintiffs' medical records and information pertaining to Plaintiffs' compensatory damages calculations ("Magistrate Judge Pedersen's Order"). ECF No. 100. On September 10, 2021, Plaintiffs filed three objections to Magistrate Judge Pedersen's

---

[1] NYC is a party in this action, but its involvement is not alleged in the present dispute.

1

Order pursuant to Federal Rule of Civil Procedure 72(a) and, on September 24, 2021, Defendant responded. ECF Nos. 130, 137. On October 8, 2021, Plaintiffs replied. ECF No. 139.

On November 28, 2022, this Court sustained Plaintiffs' first and third objections to Magistrate Judge Pedersen's Order and vacated the portions of Magistrate Judge Pedersen's Order that pertained to those objections; namely, the Order's finding that (i) because Plaintiffs' alleged health impacts are more than "garden variety" or "quality of life" claims, Plaintiffs who do not expressly disavow personal injury claims and intend to pursue such claims must provide a signed medical authorization for the production of pertinent medical records as to the alleged physical health impacts suffered; and (ii) Plaintiffs must supplement their responses to Interrogatory Nos. 8-11 to calculate the damages sought because the prior responses were inadequate. ECF No. 164. Because this Court sustained Plaintiffs' first objection, this Court overruled Plaintiffs' second objection as moot. *See* ECF No. 164 at 7. In their second objection, Plaintiffs challenged Magistrate Judge Pedersen's categorization of Plaintiffs' claims as either "'physical' or 'psychological[,]'" a categorization premised upon a rejection of Plaintiffs' representation that Plaintiffs' claims were "garden variety." *Id*. Because this Court sustained, with respect to Plaintiffs' first objection, that the alleged health impacts Plaintiffs' suffered were "no more than garden-variety claims[,]" Plaintiffs' objection to Magistrate Judge Pedersen's characterization of the alleged health impacts was moot. ECF No. 164 at 7.

On January 3, 2023, Defendant brought the present Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b), arguing that this Court erred in sustaining Plaintiffs' objections and accordingly vacating Magistrate Judge Pedersen's Order because Magistrate Judge Pedersen permissibly determined that (i) Plaintiffs have not disavowed personal injuries and Plaintiffs' claims are subject to medical record disclosure because they are more than "garden

2

variety" or "quality of life" claims and (ii) Plaintiffs must therefore supplement their responses to Interrogatory Nos. 8-11 to explain the compensatory damages sought for Plaintiffs' alleged health impacts in compliance with Federal Rule of Civil Procedure 26(a)(1). ECF No. 169. On January 27, 2023, Plaintiffs responded, and on February 10, 2023, Defendant replied. ECF Nos. 177-78.

For the reasons below, Defendant's Motion for Reconsideration is GRANTED, Plaintiffs' objections are OVERRULED, and Magistrate Judge Pedersen's Order is REINSTATED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54. "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.").

A litigant seeking reconsideration must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Micolo v.*

*Fuller*, No. 6:15-CV-06374, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, *LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). Further, the Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Coopers & Lybrand*, 322 F.3d at 167 (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). "The doctrine of the law of the case posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (citations omitted). However, application of this doctrine is discretionary and does not limit the court's power to review its decisions prior to final judgment. *Id.*; *McAnaney v. Astoria Fin. Corp.*, 665 F.Supp. 2d 132, 142 (E.D.N.Y. 2009).

## DISCUSSION[2]

The Court is asked to determine whether its prior interlocutory order that found Magistrate Judge Pedersen's Order to be "clearly erroneous" and "contrary to law" was clear error. As discussed in its prior order, ECF No. 164, "[a] district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law." *Jean–Laurent v. Wilkerson*, 461 Fed. App'x 18, 25 (2d Cir. 2012) (summary order); Fed. R. Civ. P. 72(a). "A finding is *clearly erroneous* when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

---

[2] For the purposes of this Decision and Order, the Court assumes the parties' familiarity with the underlying facts and full record of prior proceedings in this matter.

conviction that a mistake has been committed. An order is *contrary to law* when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Vitale v. GST BOCES*, No. 12-cv-6694-FPG, 2014 WL 3385212, at *5 (W.D.N.Y. July 9, 2014) (emphases added) (citations and internal quotation marks omitted).

For the reasons explained below, the aspects of Magistrate Judge Pedersen's Order that pertain to Plaintiffs' first and third objections are reinstated and Plaintiffs' second objection to Magistrate Judge Pedersen's Order is overruled on other grounds. Because Magistrate Judge Pedersen did not err in his finding that Plaintiffs appear to state alleged health impacts that are more than "garden variety" emotional distress claims and because the "garden variety" exception to production of medical records does not apply to the present dispute, the Court, in its discretion, modifies its prior interlocutory order accordingly. Because the Court, upon reconsideration, finds no "clear error" in Magistrate Judge Pedersen's findings, such findings are adopted in full. The Court now addresses each objection in turn.

### I. Objection One

Magistrate Judge Pedersen determined that Plaintiffs' alleged health impacts amounted to more than "garden variety" claims, despite Plaintiffs' claimed disavowal of physical or personal injuries. ECF No. 127 at 4. Upon review of Plaintiffs' objections, this Court held, to the contrary, that Plaintiffs "have disavowed any personal injury claims based upon the identified impacts." ECF No. 164 at 5 (citing ECF No. 130 at 6). Because Plaintiffs' alleged health impacts were "akin to those present in 'garden variety' claims[,]" this Court held that Magistrate Judge Pedersen's conclusion that they were not "garden variety" claims was "clear error" and "contrary to law." ECF No. 164 at 5. Defendant contends that such conclusions were erroneous under Rule 54(b) and that the Court should correct its reversal of Magistrate Judge Pedersen's Order. *United States*

5

*v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982); *Micolo v. Fuller*, No. 6:15-CV-06374, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017). Defendant argues that this Court misapprehended Second Circuit precedent that circumscribes the availability of the "garden variety" claim exception to a more limited context and overlooked indicia of Plaintiffs' intent to assert physical or personal injuries. ECF No. 178 at 6-7. Plaintiffs maintain that their claims are "garden variety," the "garden variety" exception is applicable, and that this Court did not err in reversing Magistrate Judge Pedersen's findings. ECF No. 177. For the reasons below, the Court agrees with Defendant, and reinstates the portions of Magistrate Judge Pedersen's Order pertaining to Plaintiffs' first objection.

### A. Personal Injuries and "Garden-Variety" Claims

The central issue is whether Plaintiffs claim injuries and health impacts in this action that amount to more than "garden variety" or "quality of life" emotional distress claims. *See EEOC v. Nichols*, 256 F.R.D. 114, 122-23 (W.D.N.Y. 2009). Magistrate Judge Pedersen held that Plaintiffs' alleged health "impacts/injuries are more than 'garden variety' or 'quality of life' claims, which entitles [Defendant] to authorizations to obtain medical records to the extent that physical impacts are claimed, limited, however, to those records reflecting 'medical conditions the symptoms of or treatment for which could have resulted in the same type of physical symptoms that Plaintiffs have described' for one year prior to and one year subsequent to the three-year period in this matter." ECF No. 127 at 4 (citing *Nichols*, 256 F.R.D. at 122-23). In addition, Magistrate Judge Pedersen held that each Plaintiff "intending to introduce evidence of, or seek damages for, physical impacts/injuries must provide these authorizations."[3] ECF No. 127 at 4. This Court's reversal

---

[3] Magistrate Judge Pedersen further explained that "WMNY must meet a higher threshold to obtain psychotherapist records as recognized by the Supreme Court in *Jaffe v. Redmond*, 518 U.S. 1, 116 (1996). Accordingly, if WMNY finds during depositions than any Plaintiffs sought psychotherapy treatment, WMNY is permitted to return to this Court to put forth arguments as to why it is entitled to authorizations of such records[.]" ECF No. 127 at 4.

was premised upon Plaintiffs' representation that they "have disavowed any personal injury claims based upon the identified impacts" in this lawsuit, that the claims are "garden variety" or "quality of life" claims, and that they therefore are not subject to the requirement that Plaintiffs must provide medical authorizations for production of medical records to the extent physical injuries are claimed.

After due consideration, this Court concludes that Magistrate Judge Pedersen did not err in his determination that Plaintiffs appear to claim personal injuries or physical impacts in this lawsuit that amount to more than "garden variety" claims. This Court's application of the "garden variety" exception to the production of medical records in its reversal of Magistrate Judge Pedersen's Order was error because Magistrate Judge Pedersen's holding that the alleged impacts were not "garden variety" claims was not clearly erroneous and, moreover, the exception appears to apply only to the discoverability of mental health records protected under the psychotherapist-patient privilege.

Here, Plaintiffs alleged in response to Interrogatory No. 1 to have suffered, as a result of Defendant's alleged misconduct operating the landfill at issue in this case, "headaches," "migraines," "eye irritation/impacts," "throat irritation/impacts," "nausea," "nose irritation," "choking," "gagging," breathing impacts," "coughing," "vomiting," and "sleep impacts[.]" *See* ECF No. 128; *see also* ECF Nos. 130 and 130-1. Plaintiffs reported various impacts/injuries in Exhibits L[1]-L[159], filed under seal on August 31, 2021, ECF No. 128, that are detailed and summarized in a chart, *see generally* ECF No. 130-1, which does not materially differ from Plaintiffs' direct interrogatory responses. Plaintiffs contend that such impacts, including any "physical" manifestations, merely "support their damages for loss of quality of life as part of the New York State tort claims" as set forth in their Complaint. ECF No. 130 at 6; ECF No. 164 at 4; *see also* ECF No. 1. Plaintiffs maintained in their objections to Magistrate Judge Pedersen's Order

7

and in response to Interrogatory Nos. 7-9 that they "are not claiming personal injuries in this lawsuit[.]"  ECF No. 130 at 6; *see* ECF No. 128.  This Court concurred, finding reversal was warranted because the alleged impacts were "akin to those present in 'garden variety' claims" based upon "certain case law in this Circuit" and "vacate[d] [Magistrate Judge Pedersen's] Order to the extent it found that Plaintiffs' alleged impacts were more than mere allegations of garden variety impacts."  ECF No. 164 at 6 (citing *Duarte v. St. Barnabas Hospital*, 341 F. Supp. 3d 306, 321 (S.D.N.Y. 2018); then citing *Lockett v. Target Corp.*, No. 3:20-cv-1912021, WL 6498200, at *2 (D. Conn. May 19, 2021).

This Court's application of the "garden variety" emotional distress exception in its reversal of Magistrate Judge Pedersen's Order was clearly erroneous because, while certain of Plaintiffs' alleged health impacts appear to be akin to the alleged impacts courts in this Circuit have previously determined to be merely "garden variety" allegations, Magistrate Judge Pedersen's conclusion that the precise physical impacts alleged here amount to "more than mere allegations of garden variety impacts" that may be discoverable was not "clearly erroneous."  ECF No. 127, 164; *LoRusso*, 695 F.2d at 53.  This Court thus departed from its "highly deferential" standard of review when it held that Magistrate Judge Pedersen's Order was "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).  In addition, this Court erred in its reliance on "certain case law in this Circuit[,]" which will be discussed further below, as a basis for finding that Magistrate Judge Pedersen's Order was "clear error" and "contrary to law" because such case law is consistent with the challenged finding.  The "garden variety" exception limits only the discoverability of mental health records protected under the psychotherapist-patient privilege, records which are not yet at issue here, not the discoverability of ordinary physician-

8

patient medical records, such as those currently sought. All of this compels revision of this Court's conclusion that Magistrate Judge Pedersen's Order was "contrary to law."

First, however, the Court finds it prudent to clarify a "choice of law" issue of some significance that the parties have not expressly raised.[4] Rule 501 of the Federal Rules of Evidence governs a privilege claim in federal court. *Guzman v. Mem'l Hermann Hosp. Sys.*, No. CIV.A. H-07-3973, 2009 WL 427268, at *3 (S.D. Tex. Feb. 20, 2009). Under that rule, the federal common law of privilege generally applies to cases in federal court. But the rule also states that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. It is well established that federal privilege law governs in a federal question case involving only federal law and that state privilege law applies in a diversity case involving only state law. *See Gilbreath v. Guadalupe Hosp. Found., Inc.*, 5 F.3d 785, 791 (5th Cir. 1993) (applying federal privilege law in federal question case); *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299 n. 26 (5th Cir. 2005) (applying state privilege law in diversity case).

When state law claims are present in a federal question case under the federal court's supplemental jurisdiction, as is the case here, "it is not immediately clear what law should apply." *Garza v. Scott and White Mem'l Hosp.*, 234 F.R.D. 617, 625 (W.D. Tex. 2005); *see also von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987). The Supreme Court has recognized, but not resolved, this issue. *Jaffee v. Redmond*, 518 U.S. 1, 17 n. 15 (1996) (declining to decide "the proper rule in cases … in which both the federal and state claims are asserted in federal court

---

[4] Defendant alluded to this point in its motion to compel, *see* ECF No. 101-1 at 17, and Plaintiffs appeared to discuss it in their opposition. *See* ECF No. 108 at 9-16. The parties likewise appeared to address it at oral argument. *See* ECF No. 129.

and relevant evidence would be privileged under state law but not under federal law"). Within the Second Circuit, however, the general rule has emerged that when the evidence sought "is relevant to both the federal and [pendent] state claims […] the asserted privileges are governed by the principles of federal law." *von Bulow*, 811 F.2d at 141.

Here, Plaintiffs bring federal claims under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq. ("RCRA") and the Clean Air Act, 42 U.S.C. § 7401 et seq., (the "CAA"), and state claims for public nuisance, private nuisance, ordinary negligence, gross negligence, and trespass. ECF No. 1. Plaintiffs claim that their alleged health impacts support only their New York tort claims. ECF No. 130 at 6. If state law applies, Plaintiffs' medical records may be exempt from production because New York recognizes a general physician-patient privilege against the production of medical records for "garden variety" claims, unless a plaintiff puts their medical condition at issue. *See, e.g.*, C.P.L.R. § 4505(a); *cf. Young v. U.S. Dep't of Justice*, 882 F.2d 633, 640-41 (2d Cir. 1989). Under federal law, such a privilege is not expressly recognized, as will be discussed more fully below, and Plaintiffs' records may be more readily discoverable. *Cf. In re John Doe*, 964 F.2d 1325, 1328-29 (2d Cir. 1992); *Evanko v. Elec. Sys. Assocs., Inc.*, No. 91 CIV. 2851 (LMM), 1993 WL 14458, at *1 (S.D.N.Y. Jan. 8, 1993).

Because Plaintiffs' alleged health impacts and the evidence Defendant seeks is relevant to both federal and state claims, federal law applies to the present dispute. Moreover, the parties' representations and prior proceedings in connection with this motion appear to rest on this conclusion. The evidence Defendant has sought—ordinary physician-patient medical records to corroborate Plaintiffs' alleged health impacts—is relevant to Plaintiffs' New York public nuisance and negligence claims, which include supporting allegations of health impacts, and Plaintiffs' third cause of action, a federal RCRA claim for "imminent and substantial endangerment" of human

health and the environment, which is supported by the same allegations. *See* ECF No. 1 at 1-60. To the support this federal claim, Plaintiffs alleged, *inter alia*, that: "[t]he Odors and Excess Fugitive Emissions of Landfill Gas present or may present an imminent and substantial endangerment to health or the environment, including a continuing threat to the health of the community." *Id*. at 60. To support the state claims, Plaintiffs alleged that the odors and emissions have "caused deleterious health effects and discomfort to a considerable number of persons[,]" including, specifically, the health impacts discussed. *Id*. at 60-66.

In short, because Plaintiffs' allegations of health impacts support both Plaintiffs' federal RCRA claim and state tort claims, the Court clarifies that the evidence sought is "is relevant to both the federal and [pendent] state claims [and therefore] the asserted privileges are governed by the principles of federal law." *von Bulow*, 811 F.2d at 141; *see In re Zyprexa Prod. Liab. Litig*., 254 F.R.D. 50, 53 (E.D.N.Y. 2008), *aff'd*, No. 04-MD-1596, 2008 WL 4682311 (E.D.N.Y. Oct. 21, 2008). Guided by federal law, the Court now turns to whether Magistrate Judge Pedersen erred in his determination that Plaintiffs claims were not "garden variety" claims.

A "garden variety" claim has its roots in a broad psychotherapist-patient privilege protecting "confidential communications between a licensed psychotherapist and [his or her] patients in the course of diagnosis or treatment" from compelled disclosure under Rule 501 of the Federal Rules of Evidence. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). This privilege reflects the "imperative need for confidence and trust," as psychotherapy requires an environment "in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id*. at 10; *see Doe v. Sarah Lawrence Coll*., No. 19-cv-10028 (PMH) (JCM), 2021 WL 197132, at *3 (S.D.N.Y. Jan. 20, 2021); *see also Doherty v. Bice*, No. 18CIV10898NSRAEK,

11

2021 WL 4219696, at *1 (S.D.N.Y. Sept. 15, 2021).  However, "[l]ike other testimonial privileges, the patient may [ ] waive the protection" of the privilege.  *Jaffee*, 518 U.S. at 15.

In addition, the Second Circuit has recognized the risk that allowing discovery into mental health records may lead to overly intrusive document demands and interrogatories from litigants; for example, defendants might "seek to have the privilege breached whenever there is a possibility that the psychiatric records may be useful in testing the plaintiff's credibility or may have some other probative value." *In re Sims*, 534 F.3d 117, 141 (2d Cir. 2008).  To mitigate this risk, the Second Circuit has held, in pertinent part, that a plaintiff who asserts only "garden variety" emotional distress claims does not waive the psychotherapist-patient privilege barring discoverability of health records based solely on such "garden variety" damages claims.  *See id*. at 130; *In re Consol. RNC Cases*, No. 04-cv-7922 (RJS), 2009 WL 130178, at *6 (S.D.N.Y. Jan. 8, 2009); *Gropper v. David Ellis Real Estate, L.P.*, No. 13-cv-2068 (ALC) (JCF), 2014 WL 642970, at *2 (S.D.N.Y. Feb. 14, 2014).  This is because "[g]arden variety" claims are "claims for 'compensation for nothing more than the distress than any healthy, well-adjusted person would likely feel as a result of being [] victimized [by the alleged misconduct].'" *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 121 (W.D.N.Y. 2009) (quoting *Kunstler v. City of New York*, No. 04-cv-1145 (RWS) (MHD), 2006 WL 2516625, at *7, *9 (S.D.N.Y. Aug. 29, 2006)).  "Garden variety" claims are claims in which the evidence "is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Bick v. City of New York*, No. 95 CIV. 8781, 1998 WL 190283, at *25 (S.D.N.Y. Apr. 21, 1998).

Turning to the present dispute, this Court can discern no case in which the "garden variety" exception to the discoverability of medical records has been applied to ordinary physician-patient

medical records, as Defendant seeks here, rather than psychotherapy records. The exception limits only the discoverability of mental health records protected under the psychotherapist-patient privilege, which are not yet at issue, as Magistrate Judge Pedersen recognized. ECF No. 127 at 4. Because federal law's narrow, circumscribed application of the exception is consistent with Magistrate Judge Pedersen's finding that Plaintiffs' claims were not "garden variety" claims, this Court cannot maintain that Magistrate Judge Pedersen's finding was "clearly erroneous" or "contrary to law." *Jean–Laurent v. Wilkerson*, 461 Fed. App'x 18, 25 (2d Cir. 2012) (summary order).

Indeed, "[n]either the Supreme Court [] nor the Second Circuit have recognized a general physician-patient privilege since *Jaffee*." *Feltenstein v. City of New Rochelle*, No. 14-CV-5434 (NSR), 2018 WL 3752874, at *5, n. 5 (S.D.N.Y. Aug. 8, 2018). A bar against discoverability of ordinary physician-patient records does not exist, nor has federal law ever broadened the "garden variety" exception beyond the psychotherapy context. *Kunstler v. City of New York*, No. 04-CIV-1145 (RWS) (MHD), 2006 WL 2516625, at *1 (S.D.N.Y. Aug. 29, 2006), *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007); *see Laurent v. G & G Bus Serv., Inc.*, No. 10 CIV. 4055 JGK LMS, 2011 WL 2683201, at *8 (S.D.N.Y. May 17, 2011), *report and recommendation adopted*, No. 10 CIV. 4055 JGK, 2011 WL 2693651 (S.D.N.Y. July 11, 2011). While Plaintiffs are entitled to assert "garden variety" or "quality of life" health impacts that may be protected from disclosure by a general physician-patient privilege under New York law, ECF No. 130 at 8, the "garden variety" exception is not federally recognized in discovery disputes like this one. It is well settled that a physician-patient privilege against production of medical records for physical ailments "does not exist at federal common law." *Doe v. Sarah Lawrence Coll.*, No. 19CIV10028PMHJCM, 2021 WL 197132, at *8 (S.D.N.Y. Jan. 20, 2021) (citing *Suggs v. Capital Cities/ABC, Inc.*, No. 86 CIV

2774(JMW), 1989 WL 1143930, at *1 (S.D.N.Y. Dec. 11, 1989); then citing *Jaffee*, 518 U.S. at 10); *see, e.g., Whalen v. Roe*, 429 U.S. 589, 602 (1977) ("[t]he physician-patient evidentiary privilege is unknown to the common law"); *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925-26 (7th Cir. 2004) (noting absence of federal medical records privilege). This Court may therefore conclude that Magistrate Judge Pedersen's findings were not "clearly erroneous" on this basis alone.

Moreover, the cases this Court relied upon in its reversal of Magistrate Judge Pedersen's Order are distinguishable from the present action because each apply the term "garden variety" to either a challenge to the sufficiency of evidence to support a damages award or a context in which the discoverability of mental health records was directly at issue. *See Duarte v. St. Barnabas Hospital*, 341 F. Supp. 3d 306, 321 (S.D.N.Y. 2018) (concluding that jury award of $624,000 was excessive after determining that "Plaintiff's vague and subjective complaints of insomnia, lower self-esteem, depression, anxiety, and stomach aches and headaches—unsupported by medical corroboration—establish no more than 'garden variety' emotional distress"); *Munson v. Diamond*, No. 15-CV-00425, 2017 WL 4863096, at *3 (S.D.N.Y. June 1, 2017) (finding $15,000 award appropriate after describing "distress, mental anguish, loss of self-esteem, anxiety, disturbed sleep, stomach problems, embarrassment, and migraines" supported "garden-variety" claims in the absence of supporting medical records); *E.E.O.C. v. First Wireless Group, Inc.*, No. 03-CV-4990, 2007 WL 586720, at *7 (E.D.N.Y. Feb. 20, 2007) (denying Defendant's motion to compel plaintiffs to participate in psychological examinations and finding that "[t]eary eyes, loss of sleep, and a desire for counseling" fell within the ambit of "garden-variety claims"); *Mitchell v. Siersma*, No. 14-CV-6069, 2017 WL 2991425, at *2-3 (W.D.N.Y. July 14, 2017) (granting plaintiff's motion for a protective order precluding discovery of plaintiff's mental health history and

14

treatment records and finding claim amounted to one for "garden variety" distress); *Lockett v. Target Corp.*, No. 3:20-CV-191(JAM), 2021 WL 6498200, at *3 (D. Conn. May 19, 2021) (denying defendant's motion to compel production of all medical records, including mental health records, where plaintiff alleged only emotional consequences, with no physical impacts, due to defendant's alleged misconduct, such as "inconvenience" and "humiliation" before finding plaintiff alleged only "garden variety" claims). As discussed, even if certain of the health impacts alleged in the present action and in those cases may overlap to some degree, none of the cases present a context analogous to this action, in which Defendant seeks the production of ordinary medical records. Accordingly, this Court's reliance on these cases in reversing Magistrate Judge Pedersen's Order was clear error because Magistrate Judge Pedersen's finding that the precise physical impacts alleged here amount to "more than mere allegations of garden variety impacts" was not "clearly erroneous." ECF No. 127, 164; *LoRusso*, 695 F.2d at 53

To be sure, the Second Circuit does not appear to have expressly precluded a district court from undertaking an expansion of the "garden variety" exception to a context in which ordinary physician-patient medical records are sought,[5] an expansion Defendant militates against in its present motion and for which Plaintiffs appear to advocate. In the absence of express authority, however, the Court need not explore the wisdom of such an expansion to resolve the present motion. At this juncture, it is sufficient and appropriate to conclude that this Court's reliance upon case law which confines a "garden variety" claim to disputes as to the discoverability of mental health records or analyses of the sufficiency of a damages award was contrary to its obligation to

---

[5] This remains the case despite the Second Circuit's decision in *Sims v. Blot*, 534 F.3d 117 (2d Cir. 2008), where it addressed the discoverability of "psychiatric treatment records," "mental health records" and psychiatric records" that included select "x-rays, charts and diagrams[,]" that may be characterized as ordinary medical records, in the context of a "garden variety" claim. *Id*. at 119, 123, 130, 134, 136-42. For a more fulsome discussion of the holding of that case, see *E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 119-20 (W.D.N.Y. 2009).

determine whether Magistrate Judge Pedersen's conclusion that Plaintiffs' claims were not "garden variety" was "clearly erroneous." For the reasons explained, Magistrate Judge Pedersen's Order was not clearly erroneous in this regard.

In addition, even if the "garden variety" exception applied to the instant dispute and operated to bar production of ordinary physician-patient medical records, which it does not, Magistrate Judge Pedersen did not clearly err in his determination that the health impacts Plaintiffs allege to have suffered were "more than 'garden variety' or 'quality of life' claims." ECF No. 127 at 4. As discussed, Plaintiffs have alleged in response to Interrogatory No. 1 to have suffered, among other things, "headaches," "migraines," "eye irritation/impacts," "throat irritation/impacts," "nausea," "nose irritation," "choking," "gagging," breathing impacts," "coughing," "vomiting," and "sleep impacts[.]" *See* ECF No. 128; *see also* ECF Nos. 130 and 130-1. While this Court maintains that Plaintiffs' alleged health impacts appear to be "akin" to some of the alleged impacts courts in this Circuit have previously determined to be merely "garden variety" allegations, the Court cannot conclude upon reconsideration that Magistrate Judge Pedersen's finding that the impacts alleged were "more than mere allegations of garden variety impacts" was "clearly erroneous." ECF No. 127, 164; *LoRusso*, 695 F.2d at 53. First, none of the impacts listed in the cases this Court relied upon in reaching such a finding precisely match those alleged here. Second, many Plaintiffs in the present action describe in detail the "severity or consequences of the injur[ies]" they have suffered, including, *inter alia*, Plaintiffs who have claimed to have experienced "sleeping impacts from Odors/Gases roughly 10 times[,]" "intense migraines and breathing issues[,]" and "eye irritation, nausea, and a sore throat" "more than 30 times" over a two year period, which undercuts Plaintiffs' contention that the nature of their allegations are "vague or conclusory" in a manner typical of "garden variety" claims. ECF No.

130-1; *Bick*, 1998 WL 190283, at *25. Indeed, many Plaintiffs provide specific chronological anecdotes and examples to support their allegations of health impacts. *See* ECF No. 130-1. Accordingly, Magistrate Judge Pedersen did not clearly err in his determination that Plaintiffs' claims were more than "garden variety."

For the foregoing reasons, this Court concludes that Magistrate Judge Pedersen's Order was not "clearly erroneous" or "contrary to law" with respect to Plaintiffs' first objection and reinstates the portions that relate to that objection.

## II. Objection Two

As discussed, this Court denied Plaintiffs' second objection as moot because the Court held, in sustaining objection one, that Plaintiffs' claims amount to no more than "garden variety" emotional distress claims. *See* ECF No. 164 at 7; *supra* n. 2. Plaintiffs' second objection challenged Magistrate Judge Pedersen's characterization of Plaintiffs' injuries as either "physical" or "psychological." *Id*. Because this Court has, upon reconsideration, overruled Plaintiffs' first objection and reinstated the portion of Magistrate Judge Pedersen's Order pertaining to that objection, the Court concludes that Magistrate Judge Pedersen's did not clearly err in his characterization of Plaintiffs' alleged injuries as either "physical" or "psychological." ECF No. 127 4-5. Plaintiffs' second objection is accordingly overruled.

## III. Objection Three

This Court sustained Plaintiffs' third objection because it found that Magistrate Judge Pedersen's Order requiring Plaintiffs to supplement their responses to Interrogatory Nos. 8-11 was "clearly erroneous." ECF No. 164 at 7; *see also* ECF No. 127 at 5. As discussed, Magistrate Judge Pedersen held that: "Each Plaintiff must supplement his or her responses to Interrogatory Nos. 8 through 11 . . . to identify the total amount of damages sought by said Plaintiff, to identify the

categories of damages he or she is seeking to recover, and to explain his or her damages calculations with reference to any relevant documents." ECF No. 127 at 5.

Plaintiffs objected because "garden variety" claims, as they asserted they had brought, are not susceptible to individual damages calculations. As discussed, "garden variety" claims, as articulated in contexts in which the exception applies, are often described in "vague or conclusory terms, without relating either the severity or consequences of the injury," *Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009), and "typically lack extraordinary circumstances and are not supported by any medical corroboration." *Id*; *Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 319 (S.D.N.Y. 2018). "Garden variety emotional distress claims generally merit $30,000.00 to $125,000.00 awards." *Emamian v. Rockefeller Univ.*, No. 07 CIV. 3919 (DAB), 2018 WL 2849700, at *16 (S.D.N.Y. June 8, 2018).

Because this Court reversed Magistrate Judge Pedersen's finding that Plaintiffs' claims were not "garden variety," this Court found supplementation of Interrogatory Nos. 8-11 to be unnecessary. Provided, however, this Court's determination that Magistrate Judge Pedersen did not err in that finding, the Court discerns no "clear error" in Magistrate Judge Pedersen's Order requiring Plaintiffs to supplement their responses to include individual damages calculations pursuant to Federal Rule of Civil Procedure 26(a)(1), despite Plaintiffs' representation that they are seeking no more than "garden variety" damages. ECF No. 127; *see also* ECF No. 130 at 14. Here, Plaintiffs' claims are not subject the "garden variety" exception and appear to be individualized. Thus, the Court can discern no "clear error" in Magistrate Judge Pedersen's determination that the blanket damages amount sought requires specificity and supplementation with respect to each individual Plaintiff. Accordingly, Plaintiffs' third objection is overruled, and this portion of Magistrate Judge Pedersen's Order is reinstated.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration, ECF No. 169, is GRANTED. Discovery in this matter is ongoing and governed by Amended Scheduling Order, ECF No. 174.

IT IS SO ORDERED.

Dated: September 19, 2023
          Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York