UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRESH AIR FOR THE EASTSIDE, INC.,
et al.,

               Plaintiffs,

v.                                                                      Case # 18-CV-06588-FPG-MJP
                                                                        DECISION AND ORDER
WASTE MANAGEMENT OF NEW YORK
LLC, and THE CITY OF NEW YORK,

               Defendants.
_____

## INTRODUCTION

On August 14, 2018, Plaintiff Fresh Air for the Eastside, Inc. ("FAFE") and approximately 200 individual plaintiffs (collectively, "Plaintiffs") brought this action against Waste Management of New York, LLC ("Defendant" or "WMNY") and New York City ("NYC") (collectively, "Defendants"), alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq*. ("RCRA"), the Clean Air Act, 42 U.S.C. § 7401 *et seq*., (the "CAA"), and state law claims for public nuisance, private nuisance, ordinary negligence, gross negligence, and trespass. ECF No. 1. Plaintiffs' claims challenge Defendant's operation of the High Acres Landfill and Recycling Center in Perinton, New York (the "Landfill"), and NYC's longstanding agreement with Defendant to ship municipal solid waste to the Landfill. *See* ECF No. 15; ECF No. 44 at 1.

On August 27, 2020, Knauf Shaw LLP filed a motion with the Court to withdraw as counsel for ten of the individual plaintiffs. ECF No. 98. This Court granted that motion on September 1, 2020. ECF No. 99. Knauf Shaw LLP was ordered to serve the newly *pro se* plaintiffs with a copy of the minute entry granting the motion and requiring those plaintiffs to write to the Court to update

1

their addresses by September 22, 2020.  *Id.*  Most of those plaintiffs failed to do so, including Plaintiff Tony Griffey ("Plaintiff").

On March 20, 2024, Defendants filed a motion to dismiss claims asserted by Plaintiff pursuant to Federal Rules of Civil Procedure 16(f)(1)(C), 41(b), and 37(b)(2)(A), and Local Rule 5.2(d).  ECF No. 216.  On March 21, 2024, Plaintiff was ordered to respond to Defendants' motion by April 4, 2024, but did not do so.  ECF No. 218.  The Court mailed a copy of its scheduling order to Plaintiff's last known address on the same day the order was issued.  *Id*.  The scheduling order notified Plaintiff that his claims may be dismissed if he did not respond.  *Id*.

For the reasons below, Defendants' motion is GRANTED.

## DISCUSSION

### I.    Dismissal of Plaintiff's Claims

Defendants move to dismiss Plaintiff's claims for two primary reasons.  First, they note that Plaintiff has not participated in the litigation since Knauf Shaw LLP withdrew as his counsel over three years ago.  *See* ECF No. 216-5 at 2.  Second, Plaintiff has not complied with this Court's order directing him to update his address.  *Id.* at 3.

As stated above, on September 1, 2020, this Court granted Plaintiff's former counsel's unopposed motion to withdraw as his attorney.  ECF No. 99.  The Court ordered Knauf Shaw LLP to serve its former clients with a copy of the minute entry granting the motion, which also included an instruction that Plaintiffs, now *pro se*, "shall write to the Court to update their addresses no later than 9/22/2020."  *Id.*  This instruction was consistent with this Court's Local Rule 5.2(d), which states: "The Court must have a current address at all times.  Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice."

2

Defendants have attached to their motion an affidavit of service noting that Plaintiff was provided a copy of ECF No. 99 by certified mail return receipt requested.  *See* ECF No. 216-4 at 4.  Approximately three years have passed since Plaintiff became a *pro se* litigant and since the Court required him to provide his address, but Plaintiff has not contacted the Court.

In addition to Local Rule 5.2(d), Federal Rule of Civil Procedure 16(f) incorporates Rule 37(b)(2)(A)(ii)-(vii) and grants the Court the authority to dismiss an action if a party fails to obey a pretrial order.  "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir 1990) (internal quotation marks and citation omitted).

"To determine the appropriate sanction under Rule 37, courts evaluate four factors: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Branford v. Research Foundation of SUNY*, No. 05-cv-0344, 2009 WL 1851280, at *3 (W.D.N.Y. June 29, 2009) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009)).

As the Court previously held with respect to other Plaintiffs in this action, *see* ECF No. 159, no justification for Plaintiff's noncompliance is discernable.  Plaintiff was served with the Court's instruction.  *See* ECF No. No. 216-4 at 4.  He has been afforded approximately three years to comply with the Court's instruction or contact the Court, but he has not complied.  Due to Plaintiff's noncompliance, "the Court has been effectively prevented from warning [Plaintiff now] that this action is subject to dismissal because of [Plaintiff's] own failure to keep the Court apprised of [his] address."  *Gonzalez v. Hunt*, 308 F. Supp. 3d 734, 736 (W.D.N.Y. 2018).

Pursuant to Local Rule 5.2(d) and Federal Rule of Civil Procedure 16(f), this Court grants Defendants' motion to dismiss Plaintiff's claims, but does so without prejudice.[1]

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the claims of Plaintiff Tony Griffey, ECF No. 216, is GRANTED.  The Clerk of the Court is directed to terminate Plaintiff from this action and amend the case caption accordingly.

IT IS SO ORDERED.

Dated: April 18, 2024
       Rochester, New York

FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NEW YORK

---

[1] Because the Court finds that Plaintiff's claims should be dismissed for these reasons, it does not reach the remaining arguments in Defendants' motion.

4