UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRESH AIR FOR THE EASTSIDE, INC,
ET AL.,

                              Plaintiffs,          DECISION AND ORDER

-vs-

                                                  18-CV-6588-MAV-MJP

WASTE MANAGEMENT OF NEW YORK,
LLC AND THE CITY OF NEW YORK,

                              Defendants.

---

## INTRODUCTION

Plaintiff Fresh Air for the Eastside, Inc. ("FAFE") and approximately 200 individual plaintiffs (collectively, "Plaintiffs") filed this action against Waste Management of New York, LLC ("WMNY") and New York City ("NYC") (collectively, "Defendants") alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq., the Clean Air Act, 42 U.S.C. § 7401 et seq., and state law claims for public nuisance, private nuisance, ordinary negligence, gross negligence, and trespass. These claims arise from WMNY's operation of the High Acres Landfill and Recycling Center in Perinton, New York ("Landfill"), and NYC's agreement with WMNY to ship municipal solid waste to the Landfill each year for thirty years. ECF No. 255 at 2.[1]

On July 3, 2025, United States Magistrate Judge Mark W. Pedersen issued a Report and Recommendation ("R&R"), recommending that the District Court grant

---

[1] All page references herein are to the consecutively paginated PDF generated by CM/ECF.

WMNY's motion to disqualify Plaintiffs' expert James Daigler from appearing as a witness, preclude evidence regarding Daigler's confidential observation of the landfill on September 29, 2022 ("Observation"), and strike from Plaintiffs' interrogatories all references to Daigler's Observation. *Id.* at 1–2. Judge Pedersen found that Plaintiffs breached a stipulation governing the Observation and that Daigler's disqualification was warranted based on the clear language of the agreement. *Id.* at 12–14. Plaintiffs filed objections to Judge Pedersen's determination on July 17, 2025.[2] ECF No. 260. Because the R&R is neither clearly erroneous nor contrary to law, the Court accepts and adopts Judge Pedersen's recommendation to grant WMNY's motion in its entirety.

## LEGAL STANDARD

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any pretrial matter," not otherwise expressly excluded therein. When the pretrial matter before the magistrate judge is not dispositive of a party's claim or defense, as it is here, the district judge may consider timely objections and must modify or set aside any part of the order that "is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a); *Nikkal Indus.,*

---

[2] WMNY also submitted objections to Judge Pedersen's determination "to ensure that the District Court reviews his determination under the proper [clearly erroneous or contrary to law] legal standard." ECF No. 259. Plaintiffs do not disagree regarding the appropriate legal standard. ECF No. 260 at 7–8. Because the objections before the Court pertain to the disqualification of an expert witness and preclusion of that witness' testimony — a non-dispositive issue — the Court reviews whether Judge Pedersen's findings are clearly erroneous or contrary to law. *See Dreyer v. Ryder Auto. Carrier Grp., Inc.*, 367 F. Supp. 2d 413, 415 (W.D.N.Y. 2005) (applying the "clearly erroneous or contrary to law" standard to assess a magistrate judge's recommendation to disqualify prospective expert witnesses from testifying at trial); *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (same).

*Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (explaining that under Section 636(b)(1)(A), Congress vested the magistrate's findings with a "substantial degree of authority"). Indeed, a magistrate's report resolving a discovery dispute "should be afforded substantial deference and be overturned only if found to be an abuse of discretion." *Milan v. Sprint Corp.*, No. 216CV4451, 2018 WL 1665690, at *2 (E.D.N.Y. Apr. 6, 2018) (internal quotation marks and citation omitted). "An order is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Frydman v. Verschleiser*, No. 14-CV-8084, 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Frydman*, 2017 WL 1155919, at *2.

## DISCUSSION

Plaintiffs argue that R&R determination is clearly erroneous and contrary to law because, *inter alia*, they did not violate the stipulation by actually using or relying upon any information Daigler acquired during the Observation for any purpose other than settlement. However, despite Plaintiffs' contention to the contrary, Judge Pedersen reasonably concluded that Plaintiffs breached Paragraph 8 of the stipulation by using information acquired during the Observation in their interrogatory responses. Because these interrogatory responses also demonstrate that non-board members of FAFE possessed information concerning the Observation, Judge Pedersen reasonably determined that Plaintiffs violated Paragraph 10 of the

stipulation, which prohibited conveying such information beyond FAFE's board. Lastly, the Court finds that Judge Pedersen properly enforced the plain language of Paragraph 14 of the stipulation, which provides that any breach "automatically result[s] in disqualification of Daigler as a witness (expert or otherwise) . . . without regard to materiality of the breach."

After carefully reviewing Plaintiffs' objections, the Court rejects Plaintiffs' invitation to disturb Judge Pedersen's findings, which are entitled to substantial deference, and thus adopts the R&R in its entirety. Accordingly, Plaintiffs' objections are overruled, WMNY's motion for disqualification and preclusion of evidence related to the Observation is GRANTED, and the case is referred back to Judge Pedersen for further proceedings consistent with the referral order.

SO ORDERED.

DATED:   November  6 , 2025
         Rochester, New York

*Meredith Vacca*
HON. MEREDITH A. VACCA
United States District Judge