UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRESH AIR FOR THE EASTSIDE, INC., et al.,

Plaintiffs,

vs.

WASTE MANAGEMENT OF NEW YORK, LLC
and THE CITY OF NEW YORK,

Defendants.

DECISION AND ORDER

18-CV-6588 (MAV)

## INTRODUCTION

On August 14, 2018, Plaintiff Fresh Air for the Eastside, Inc. ("FAFE"), and approximately two hundred individual plaintiffs ("Individual Plaintiffs") (collectively "Plaintiffs") filed this action against Waste Management of New York, LLC ("WMNY") and New York City ("NYC") (collectively, "Defendants") alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), the Clean Air Act, 42 U.S.C. § 7401 *et seq.* ("CAA"), and state law claims for public nuisance, private nuisance, negligence and gross negligence, and trespass arising from WMNY's operation of the High Acres Landfill and Recycling Center (the "Landfill"), in Perinton, New York and NYC's agreement with WMNY to ship hundreds of thousands of tons of municipal solid waste to the Landfill. ECF Nos. 1, 79. Plaintiffs' claims of private nuisance and trespass have been dismissed in previous motions before the Court. ECF Nos. 44, 109.

Presently before the Court are WMNY's and NYC's motions for judgment on the pleadings. ECF Nos. 232, 238. For the following reasons, WMNY's motion for

judgment on the pleadings is GRANTED in part and DENIED in part, and NYC's motion for judgment on the pleadings is GRANTED in part and DENIED in part.

## BACKGROUND[1]

Plaintiffs filed their initial complaint in this matter on August 14, 2018. ECF No. 1. They subsequently filed an amended complaint (ECF No. 15), and each Defendant filed a motion to dismiss the amended complaint. ECF Nos. 22, 26, 27. On September 19, 2019, Judge Elizabeth Wolford issued a Decision & Order in which she (1) granted WMNY's motion to dismiss the private nuisance and trespass claims, but denied the motion as to all other claims; and (2) denied NYC's motion to dismiss. ECF No. 44.

On May 1, 2020, Plaintiffs filed a motion seeking leave to amend the amended complaint to add several Plaintiffs, dismiss the claims of other Plaintiffs without prejudice, and "amend[ ] the caption, fix[ ] minor typos and grammatical errors, remove[ ] any specific mention of the Withdrawing Plaintiffs, and update[ ] various paragraphs as necessary for the amendment." ECF No. 73-1 at 1–2. On May 19, 2020, Magistrate Judge Mark Pederson granted Plaintiff's motion. ECF No. 78 at 2. Plaintiffs filed the second amended complaint on May 22, 2020. ECF No. 79. Defendants filed respective motions to dismiss the second amended complaint on June 17, 2020. ECF Nos. 83, 85.

On August 21, 2020, the case was reassigned to Judge Frank Geraci. On

---

[1] The factual background of this case has been extensively detailed in Judge Wolford's September 19, 2019, Decision and Order. ECF No. 44. For purposes of this Decision and Order, the Court assumes the parties' familiarity with the underlying facts in the matter.

October 27, 2020, Judge Geraci issued a Decision and Order in which he (1) granted WMNY's motion to dismiss the private nuisance and trespass claims but denied the motion as to all other claims; and (2) denied NYC's motion to dismiss. ECF No. 109.

In the Decision and Order, Judge Geraci noted that Defendants' motions raised arguments on legal issues already addressed in Judge Wolford's September 16, 2019 Decision & Order. ECF No. 109 at 5. As such, Judge Geraci dismissed Defendants' arguments regarding Plaintiff's failure to state a personal injury claim and failure to state a claim for property damage. *Id.* On November 11, 2020, WMNY filed an answer to the second amended complaint and on November 18, 2020, NYC filed its answer to the second amended complaint. ECF Nos. 112, 114. On February 10, 2025, the case was reassigned to this Court.

On March 7, 2025, WMNY filed a motion for judgment on the pleadings for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(c) and lack of subject matter jurisdiction pursuant to Rule 12(b)(1) for lack of Article III standing as it pertains to some of the Individual Plaintiffs. ECF No. 232. As of the filing of WMNY's motion, ninety-seven Individual Plaintiffs remained in the case. ECF No. 232-1 at 8.

On March 14, 2025, NYC filed a motion for judgment on the pleadings, joining WMNY's motion and seeking an order dismissing the claims for money damages against NYC for failure to state a claim pursuant to Rule 12(c). ECF No. 238. The motions were fully briefed on May 30, 2025. ECF Nos. 242, 247, 248.

Since May 30, 2025, several Plaintiffs have been dismissed from the suit, (ECF

Nos. 282, 283) and Plaintiffs and Defendants have conducted discovery.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c); *see Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) ("[B]oth plaintiffs and defendants can move for judgment on the pleadings under Rule 12(c)"). "'Pleadings' include both the 'complaint' and the 'answer to [the] complaint.'" *Lively,* 6 F.4th at 301 (quoting Fed. R. Civ. P. 7(a)).

When a defendant seeks dismissal of a complaint under Rule 12(c), courts "apply the same standard as they would to a Rule 12(b) motion . . . ." *Gabilly v. City of New York*, No. 19-cv-11884, 2021 WL 366798, at *2 (S.D.N.Y. Aug. 17, 2021); *see Lively*, 6 F.4th at 301. Accordingly, "[t]o survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . ." *Goldberg v. Pace Univ.*, 88 F.4th 204, 210 (2d Cir. 2023) (quotation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff's factual allegations are "merely consistent with" a defendant's liability, those allegations "'stop[] short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions

will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard, except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Andrews v. Town of W. Seneca*, No. 21-CV-746-LJV, 2025 WL 959658, at *6 (W.D.N.Y. Mar. 31, 2025) (quoting *Makarova*, 201 F.3d at 113).

## DISCUSSION

### I. Law of the Case Doctrine

"Any questions of law ruled upon earlier in this litigation are revisited through the lens of law of the case doctrine, which provides that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case'" *Laurent v. PriceWaterhouseCoopers LLP*, 963 F. Supp. 2d 310, 314 (S.D.N.Y 2013) (quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991)). This principle "holds true even where a case has been reassigned to a new

judge." *Laurent*, 963 F. Supp. 2d at 314. The law of the case doctrine is, however, "admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Courts typically only depart from the law of the case doctrine for "cogent or compelling reasons including an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009) (citation and internal quotation marks omitted).

In its motion, joined by NYC, WMNY presents the argument again that Plaintiffs' claims under the theories of negligence and nuisance fail because the second amended complaint does not adequately plead personal injury or property damage.[2] ECF No. 232-1 at 15–22. WMNY's arguments raise the same legal issues as their prior motions to dismiss the second amended complaint and the first amended complaint. Each of those arguments were addressed in Judge Wolford's September 16, 2019 Decision and Order regarding the first amended complaint. ECF No. 44 at 54–57.

---

[2] WMNY states in their motion that "[d]iscovery in this case has revealed that Plaintiffs are seeking to pursue many claims beyond those alleged in the [second amended complaint]." ECF No. 232-1 at 14. It appears that WMNY's arguments regarding the insufficient pleading of personal injury stem from claims that they believe Plaintiffs are making at later stages of this litigation not alleged in the second amended complaint. However, on a motion for a judgment on the pleadings the proper scope of review is limited to the sufficiency of the pleadings. *Lively*, 6 F.4th at 301. As of this motion, Plaintiffs' remaining claims in the second amended complaint are for violations of the RCRA, violations of the CAA, and state law claims of public nuisance and negligence and gross negligence. The Court therefore declines to decide at this stage whether discovery has revealed that Plaintiffs are alleging claims outside of the second amended complaint.

In the September 16, 2019 Decision and Order, Judge Wolford found that Plaintiffs had plausibly stated a cause of action for negligence based on a theory of stigma damages and diminution in value of Plaintiffs' property. *Id.* at 57. Judge Wolford found that WMNY owes a "duty of care to Plaintiffs, as adjacent landowners and residents 'to operate the Landfill in a reasonable manner.'" *Id.* at 6 (quoting *D'Amico v. Waste Management of New York, LLC*, No. 6:18-CV-06080 EAW, 2019 WL 1332575, at *7 (W.D.N.Y. Mar. 25, 2019)). Judge Wolford explained that because Plaintiffs' "alleged fears of, and in some cases, actual property diminution, health impacts and expenses resulting from the odors, Excess Fugitive Emissions, vectors, noise, and tremors associated with the Landfill," they had sufficiently stated a negligence claim based on an alleged diminution of property values resulting from the stigma of polluted air. ECF No. 44 at 55, 57; *see* D'Amico, 2019 WL 1332575, at *5–7.

Judge Wolford also found that Plaintiffs, in the first amended complaint, had sufficiently alleged a special injury for a public nuisance claim. ECF No. 44 at 49. The alleged additional impact of "a decrease in [Plaintiffs'] homes' property values, the inability to use and enjoy their homes (versus public spaces), and the physical ailments resulting from the continuous exposure to emissions" was enough to constitute a special injury when "[c]ompared to individuals who do not own property or reside nearby and are merely affected by the Landfill's impact on public spaces . . . ." *Id.* at 48–49.

The second amended complaint differs only from the amended complaint in

minor, non-substantive ways. *See* ECF No. 73-2 (showing a redline of the first amended complaint against the second amended complaint, adding and removing Plaintiffs and correcting mistakes). Indeed, the most significant change between the first amended complaint and the second amended complaint are the additional Plaintiffs; however, Judge Geraci addressed this in his October 27, 2020 Decision and Order. ECF No. 109 at 5.

> The most compelling of Defendants' contentions is that the addition of new plaintiffs, including Whitey Hill farm LLC, requires examination of whether the Second Amended Complaint sufficiently alleges "special injury" on the public nuisance claims, and personal injury or property damage on the negligence claims. However, as Plaintiffs point out, the term "Plaintiffs" in the Second Amended Complaint is defined to include the newly added plaintiffs, thus the allegations as to those plaintiffs are sufficient just as they were as to the other plaintiffs at the time of Judge Wolford's Decision & Order.

*Id.* (citing *In re MTC Elec. Techs S'holder Litig.*, 74 F. Supp. 2d 276, 282 (E.D.N.Y. 1999)).

While Defendants cite Plaintiff testimony obtained in discovery, (ECF No. 247 at 11 n.5) the proper scope of review for the Court at this stage is limited to the pleadings. *Lively,* 6 F.4th at 301.

Thus, as Defendants have failed to present a reason for this Court to depart from the law of the case doctrine, the Court declines to do so here.

## II. Individual Plaintiffs' Standing

Article III of the Constitution limits a federal court's jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "There are three constitutional standing requirements that every plaintiff must satisfy in order to invoke the jurisdiction of the federal courts: (1) 'an

injury in fact (*i.e.*, a concrete and particularized invasion of a legally protected interest)'; (2) 'causation (*i.e.*, a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant)'; and '(3) redressability (*i.e.*, it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).'" *Greifman v. Client Servs, Inc.*, No. 20-CV-1781 (CS), 2021 WL 1828076, at *3 (S.D.N.Y. May 7, 2021) (quoting *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008)).

"The party invoking federal jurisdiction bears the burden of establishing that it has standing to do so." *Greifman*, 2021 WL 1828076, at *3. "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (quoting *Lujan*, 497 U.S. at 889.

Defendants argue that eighty-two of the Individual Plaintiffs–those whose names appear only in the caption but nowhere in the body of the second amended complaint–fail to allege any individualized harm and thus have not plausibly alleged an injury-in-fact. ECF No. 232-1 at 22.

To establish injury in fact, a plaintiff must show "an invasion of a legally

protected interest which is concrete and particularized." *Lujan*, 504 U.S. at 560 (cleaned up). "There is a 'low threshold' for establishing an injury in fact." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 157 (E.D.N.Y. 2018) (quoting *Ross v. Bank of Am., N.A. (USA)*, 5224 F.3 217. 222 (2d Cir. 2008)). An injury must still be particularized, meaning it must "affect Plaintiffs in a 'personal and individual way.'" *Amadei*, 348 F. Supp. 3d at 158 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). Yet, "standing is not to be denied simply because many people suffer the same injury." *Massachusetts v. E.P.A.*, 549 U.S. 497, 526 n.24 (2007).

Defendants cite *Gutterman v. Herzog*, for the proposition that "'*each* plaintiff must have suffered a concrete and particularized, actual or imminent injury-in-fact that would likely be redressed by the relief requested." *Gutterman v. Herzog*, No. 20-CV-1081 (AMD) (LB), 2020 WL 6728787 at *4 (E.D.N.Y. Nov. 16, 2020) (quoting *Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG,* 409 F. Sup. 3d 261, 266 (S.D.N.Y. 2019)). *Gutterman* found a lack of Article III standing where plaintiffs made general assertions about themselves as a group to the extent that it was unclear from the complaint which plaintiff made the loans at issue and whether any particular plaintiff had an interest in the outstanding balance of the loans at issue. *Id.*

Here, the second amended complaint sufficiently alleges that the Individual Plaintiffs suffered from injury due to the Landfill. The second amended complaint clearly alleges that the "Individual Plaintiffs live or previously lived anywhere from 0.3 to 4 miles from the Landfill" and "Individual Plaintiffs, due to the Odors, general stigma from the Landfill, . . . and fear of either decreasing property values or inability

to sell their homes have refrained from typical property related activities . . . ." ECF No. 79 at 7–8.

Furthermore, the Individual Plaintiffs, although they do not each individually appear by name in the second amended complaint, appear in Exhibit A under the heading "Second Amended Exhibit A- Individual Plaintiffs and Residences." ECF No. 79-1. Unlike *Gutterman*, here it is clear from the allegations in the second amended complaint who–the Individual Plaintiffs, as listed in Exhibit A–was injured and what the injury-in-fact is.

Defendants additionally argue that the facts of *In re McNeil Consumer Healthcare, LLC* supports their motion because a "plaintiff must still allege some form of specific injury, even if small, in order to survive a motion to dismiss for lack of standing." *In re McNeil Consumer Healthcare*, MDL No. 2190, 2011 WL 2802854, at *12 (E.D. Pa. July 14, 2011). However, standing was denied in *In re McNeil* in part because the allegations in the complaint "relate to disparate and in some cases unrelated events, each of which implicate[d] different sets of products manufactured by the . . . Defendants." *Id.* at *1. Furthermore, the Court dismissed for lack of standing because the complaint did not allow the Court to discern what harm the plaintiffs had suffered. *Id.* at 9.

Here, the allegations of the Individual Plaintiffs in the second amended complaint relate to one property, the Landfill, and the "Odors, Excess Fugitive Emissions, Vectors, Noise, and Tremors from the Landfill . . . ." ECF No. 79 at 8. The Individual Plaintiffs, as discussed *supra*, have alleged harm in many ways including

in the form of stigma and fear of decreasing property values. The Court is able to discern from the allegations in the second amended complaint what alleged harm the Individual Plaintiffs have suffered. In other words, the Individual Plaintiffs have alleged specific injuries and thus have standing.

## III. Notice Under the RCRA and CAA

### A. Defendant's Ability to Raise Failure to Comply with Notice

Defendants argue in their motions that both the Individual Plaintiffs' and FAFE's claims under the CAA and RCRA must be dismissed because Plaintiffs' notices of intent to file suit ("NOI") failed to comply with the requirements mandated by the CAA and RCRA. ECF No. 232-1 at 23. Plaintiffs argue that Defendants' failure to assert this as an affirmative defense in their previous 12(b) motions waives it and "excludes it from the case." ECF No. 242 at 26 (quoting *Wood v. Milyard*, 556 U.S. 463, 470 (2012)). However, "a party may raise an affirmative [defense] for the first time in a Rule 12(c) motion." *Arciello v. County of Nassau*, No. 2:16-cv-3974 (ADS) (SIL), 2019 WL 4575145, at *4 (E.D.N.Y. Sept. 20, 2019) (citing *Cowan v. Ernest Codelia, P.C.*, 149 F. Supp. 2d 67, 74 (S.D.N.Y 2001)). And, notably, both WMNY and NYC both raised noncompliance with pre-suit notice in their respective answers to the second amended complaint. ECF Nos. 112 at 33 and 114 at 17.

Defendants contend that non-compliance with pre-suit notice is a jurisdictional issue and therefore cannot be waived. ECF No. 247 at 12. The Second Circuit has assumed, without deciding, that non-compliance with pre-suit notice does not affect a federal court's subject matter jurisdiction. *Building & Const. Trades Council of*

*Buffalo, N.Y. & Vicinity v. Downtown Dev. Inc.*, 448 F.3d 138, 158 n.14 (2d Cir. 2006).

Without deciding if noncompliance with pre-suit notice is an affirmative defense or jurisdictional, even if Plaintiffs were correct, Defendants have not waived it here. *See* ECF Nos. 112 at 33 and 114 at 17.

**B. Individual Plaintiffs' NOIs**[3]

The citizen suit provisions of the CAA and RCRA set forth mandatory requirements for commencing a civil action. 42 U.S.C. §§ 7604(b), 6972(b). A claim of substantial endangerment under subsection (a)(1)(B) of the RCRA requires that a plaintiff provide notice of a violation to the EPA Administrator, to the state in which the alleged violation occurred, and to "any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order" at least ninety days prior to bringing suit. 42 U.S.C. § 6972(b)(2)(A). Citizen suits brought under subsection (a)(1)(A) are subject to the same notice requirements, with a delay period of sixty, rather than ninety days. 42 U.S.C. § 6972(b)(1)(A). The CAA has a similar provision, which requires sixty-days notice prior to bringing suit. 42 U.S.C. § 7604(b).

The EPA has promulgated a regulation that requires that NOIs for violations of the RCRA provide "the full name, address, and telephone number of the person giving notice." 40 C.F.R. § 254.3(a). The regulation describing NOIs for the CAA similarly requires "the full name and address of the person giving notice." 40 C.F.R.

[3] The NOIs were not attached to the second amended complaint, however, they may be properly considered on these motions as Plaintiffs relied on the NOIs in bringing suit and the NOIs are incorporated by reference. "[I]n a motion to dismiss, a court may 'consider documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 15 (2d Cir. 2002) (alteration in original) (quoting *Brass v. American Film Techs.* 987 F.2d 142, 150 (2d Cir. 1993)).

§ 54.3(b).

The Second Circuit has noted that "strict compliance with the notice and delay provisions fulfills Congressional intent . . . ." *Brod v. Omya, Inc.*, 653 F.3d 156, 165 (2d Cir. 2011). The Supreme Court has described Congress's intent as meant "to strike a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits." *Hallstrom*, 493 U.S. at 29. The Second Circuit has similarly said:

> First, governmental agencies can take the lead in enforcing environmental regulations, with the hope that an agency may be able to compel compliance through administrative action, thus eliminating the need for any access to the courts. Second, the alleged violator is given a nonadversarial period in which he has the opportunity to comply with the law, thus obviating the need for the citizen suit.

*Dague v. City of Burlington*, 935 F.2d 133, 1351 (2d Cir. 1991), *rev'd in part on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

Here, it is uncontested that the Individual Plaintiff's names and addresses are not on the NOIs. The WMNY NOI states:

> We are attorneys for Fresh Air for the Eastside Inc., a New York Not-For-Profit Corporation, whose members are concerned and interested citizens of the Towns of Perinton and Penfield and Village of Fairport in Monroe County, New York, and the Towns of Macedon and Walworth in Wayne County, New York working to preserve and protect the environment for the benefit of residents of these municipalities.

ECF No. 232-7 at 2.

The NYC NOI has substantially similar language, listing FAFE and its members in Perinton, Penfield, Macedon, and Walworth, New York.

Given the Second Circuit's requirement of strict compliance with the regulations, the Court declines to find that the NOIs are sufficient with respect to the

Individual Plaintiffs. *Brod*, 653 F.3d at 165. Therefore, the Individual Plaintiffs' claims under the CAA and RCRA are dismissed.

### C. Sufficient Information in the NOIs

In addition to the delay requirements for a pre-suit notice, both the RCRA and CAA's regulations describe the content of NOIs. 40 C.F.R. §§ 254.3(a), 54.3(b). The regulation for notice regarding a violation of the RCRA provides:

> Violation of permit, standard, regulation, condition, requirement, or order. Notice regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under this Act shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. §§ 254.3(a).

The regulation under the CAA requires an NOI to include "sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated . . . ." 40 C.F.R. § 54.3(b).

"Without detailing what constitutes 'sufficient information,' [the Second Circuit] ha[s] held that the content of a NOI must serve the purpose of 'giving the appropriate governmental agencies an opportunity to act and the alleged violator an opportunity to comply.'" *Brod*, 653 F.3d at 166 (quoting *Dague*, 935 F.2d at 1354). The Second Circuit has "refused to 'allow form to prevail over substance' in considering the context of an NOI letter, and ha[s] looked instead to what the particular notice given may reasonably be expected to accomplish." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 273 F.3d 481, 487 (2d Cir. 2001) (quoting

*Dague*, 935 F.2d at 1354)).[4]

1. *WMNY NOI CAA Violations*

WMNY argues that the NOI did not disclose the bases for the claims Plaintiffs assert under the CAA in the second amended complaint. ECF No. 232-1 at 22. The Court disagrees and finds that the NOI provided sufficient information to WMNY about the CAA claims in the second amended complaint.

The NOI states: "Beginning in 2016, homes close to the Landfill started to experience significantly greater odors and gases emanating from the Landfill . . . . creating a public nuisance that has significantly impacted the health and quality of life of local residents and the learning environment in nearby schools." ECF No. 232-7 at 2. It further states:

> severe tremors emanating from the Landfill . . . have caused homes in the community to reverberate. The Landfill Tremors are understood to be the result of failure of WM to adequately control the operation of the Landfill emission control flares because of high oxygen levels in the Landfill Gas resulting from ineffective Landfill gas collection and cover systems.

*Id.*

The NOI continues that "[t]he presence of the Landfill Odors and Gases and Landfill Tremors also constitute a continuing violation of the Air Permit and emissions standards referenced therein." *Id.* at 3. It lists violations of several conditions of the Air Permit, including Conditions 60.2, 69, and 59. *Id.* It also states that "[t]he Landfill Odors and Gases and Landfill Tremors . . . continue to constitute a violation of the Landfill Permit and associated standards, regulations, conditions,

---

[4] While *Catskill* addressed notice requirements under the Clean Water Act ("CWA"), the Second Circuit views the CWA notice requirement as "analogous" to the RCRA requirements. *Brod*, 653 F.3d at 167.

requirements, prohibitions, or orders for failure of WM to control odors and fires . . . ." *Id.* at 2. It references 6 N.Y.C.R.R. § 360-19(i) and 6 N.Y.C.R.R. § 363-7.1(b) which relate to operating requirements regarding odor control and operating cover, respectively. *Id.*

Plaintiff's first cause of action in the second amended complaint is based on alleged violations of the Air Permit "due to the Odors and Excess Fugitive Emissions." ECF No. 79 at 64. The second amended complaint lists violations of Condition 30 and 83 of the Air Permit, which prohibit air pollution and require gas collection devices to control gas producing areas. *Id.* While the specific Conditions listed in the NOI and second amended complaint differ, they all relate to odors and gases produced by the Landfill. In other words, the substance of the NOI provided WMNY sufficient information regarding violations of its Air Permit due to "greater odors and gasses emanating from the Landfill." ECF No. 232-7 at 2. Therefore, WMNY's motion to dismiss the CAA claims is denied. *See e.g., Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Hercules, Inc.*, 50 F.3d 1239, 1248 (3d Cir. 1995) (holding that analogous CWA notice requirement "does not require that the [plaintiff] identify every detail of a violation"); *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 283 (D. Colo. 1997) (holding that a CAA notice was sufficient where it contained "enough information to enable the recipients to identify the specific standard, limitation, or order at issue"); *Fried v. Sungard Recovery Servs., Inc.*, 900 F. Supp. 758, 765 (E.D. Pa. 1995) (finding sufficient notice where no specific section of a regulation was cited as violated, but the specific conduct in the NOI would bring defendants to the section

of the regulation applying to the specific conduct).

2. *WMNY NOI RCRA §7002(a)(1)(A) Violations*

WMNY argues that the only RCRA violation of which the NOI provided notice is under 6 N.Y.C.R.R. § 360-19(i) pertaining to odor control. The Court agrees that the claims under the RCRA in the second amended complaint go beyond the scope of the violations the NOI provided. However, the Court disagrees to the extent that the NOI also provided notice under 6 N.Y.C.R.R. § 363-7.1(b), 40 C.F.R. § 258.21, and 40 C.F.R. § 258.22.

Plaintiffs' second cause of action is based on alleged violations of several federal and state regulations. The second amended complaint lists violations of 40 C.F.R. § 258.21, which requires WMNY to "cover disposed solid waste with six inches of earthen material . . . to control disease vectors, fires, odors, blowing litter, and scavenging." 40 C.F.R. § 258.21. The second amended complaint also states that "[t]his is consistent with 6 N.Y.C.R.R. § 360-19(i), which states that a landfill 'must ensure that odors are effectively controlled so that they do not constitute a nuisance as determined by [NYSDEC].'" ECF No. 79 at 66.

The NOI only referenced 6 N.Y.C.R.R. § 360-19(i)–which is specifically referenced in the second cause of action–and 6 N.Y.C.R.R. § 363-7.1(b)–which is not specifically referenced in the second cause of action. However, 6 N.Y.C.R.R. § 363-7.1(b) is incorporated therein by the statement "[p]laintiffs repeat and reallege the allegations of paragraphs '1' though '338' of this Second Amended Complaint, as if set forth in this paragraph at length." ECF No. 79 at 65.

The NOI did not reference the federal regulation. While 6 N.Y.C.R.R. § 360-19(i) does not include disease vectors, fires, blowing litter, and scavenging, 6 N.Y.C.R.R. § 363-7.1(b) is consistent with the federal regulation, stating: "[o]perating cover or alternative operating cover must effectively control vectors, fires, odors, dust, and blowing litter." 6 N.Y.C.R.R. § 363-7.1(b)(1).

The NOI gave WMNY sufficient information about violations of the state regulations due to violations of the Landfill Permit. In other words, the NOI was reasonably expecting to accomplish controlling odors and applying operating cover to control vectors, fires, odors, dust, and blowing litter. Since the state and federal regulations are consistent with each other as to those requirements, the information in the NOI was sufficient.

The second amended complaint also alleges violations of 40 C.F.R. § 258.22 (disease vector control), 6 NYCRR § 360-19(l) (personnel training),[5] 40 C.F.R. § 342.202-1,[6] and 6 NYCRR § 360-19(j) (noise control). ECF No. 79 at 67. Apart from vector control, none of these violations are mentioned in the NOI.

Therefore, the second cause of action is dismissed in part, pertaining to the alleged violations of personnel training and noise. *See Catskill*, 273 F.3d at 488 (finding that the NOI adequately notified defendant of "some but not all of the violations subsequently alleged in the complaint").

---

[5] The Court notes that the second amended complaint lists this specific subsection of the regulation, likely in error as the second amended complaint states: "WMNY is violating and continues to violate 40 C.F.R. § 258.22 and 6 N.Y.C.R.R. § 360-19(l) by failing to effectively control on-site populations of Vectors." ECF No. 79 at 67. Whereas the regulation pertaining to vector control is 6 NYCRR § 360-19(h).

[6] The Court also believes this citation is in error and should be 40 C.F.R. § 243.20-1, which requires all vehicles used in the transportation of solid waste to meet noise emissions standards.

3. *NOI RCRA §7002(a)(1)(B) Violations*

Judge Wolford, in her September 16, 2019 Decision and Order, previously found that the "Plaintiffs have plausibly alleged that Defendants' actions 'may present an imminent and substantial endangerment to health or the environment.'" ECF No. 44 at 42 (quoting 42 U.S.C. § 6972(a)(1)(B)). Judge Wolford found these allegations supported by several claims that also appear in the second amended complaint: (1) exposure to various fugitive emissions, including VOCs (ECF No. 44 at 38; ECF No. 79 at 22–23); (2) an exhibit enumerating types of pollutants emitted from the Landfill along with quantifications of their concentration (ECF No. 44 at 38; ECF No. 79-5); and (3) physical symptoms including "headaches, eye irritation, nausea, coughing, choking, breathing problems, and lost sleep." (ECF No. 44 at 38; ECF No. 79 at 8–9).

While the sufficiency of Plaintiffs' pleadings was at issue in Judge Wolford's Decision and Order, here the sufficiency of the NOI requires a different analysis.

The Second Circuit has held that "to be 'sufficient,' the information provided [in the NOI] must include the pollutant alleged to be the bases of a violation subsequently alleged in the complaint." *Catskill*, 273 F.3d at 487. This is because "[s]pecific knowledge of the pollutants allegedly discharged unlawfully makes it easier for the defendants to promptly rectify the problem." *Id.* at 488.

> [W]hen an alleged violation of RCRA depends on the presence or release of a particular contaminant, the NOI must identify the contaminant alleged to be the basis of the violation with sufficient specificity to permit the recipient to identify the specific legal provision alleged to be violated and the activity alleged to constitute the violation.

*Brod*, 653 F.3d at 169.

Here, the second amended complaint alleges that the "Excess Fugitive Emissions consist of VOCs, HAPs, odorous reduced sulfur compounds, including hydrogen sulfide, and other noxious chemicals and hazardous substances" and that the Excess Fugitive Emissions "present or may present an imminent and substantial endangerment to health or the environment." ECF No. 79 at 70. None of these pollutants are listed in the NOI sent to either WMNY or NYC. In other words, the NOIs did not provide sufficient information about these violations alleged in the complaint. Therefore, the third cause of action is dismissed.

## IV. Notice of Claim

Defendant NYC argues in its motion that Plaintiffs' state law claims against NYC for money damages should be dismissed for failure to properly file a notice of claim, pursuant to New York Law. ECF No. 238-3 at 9. Plaintiffs argue that they have not asserted monetary damages against NYC and are seeking only injunctive relief. ECF No. 242 at 30. Thus, Plaintiff's argue, the lack of filing a notice of claim for injunctive relief is not a reason to dismiss the claim. *Id.* The Court agrees with Plaintiffs.

Under New York law, a mandatory condition precedent to the filing of a tort action against a municipality is filing a notice of claim. N.Y. Gen. Mun. Law § 50-e. A Plaintiff must serve a notice of claim within ninety days after a claim arises. *Id.* A proper and timely notice of claim must be served upon the municipality at least thirty days prior to commencing a lawsuit. N.Y. Gen. Mun. Law § 50-i. "A complaint asserting tort claims against a municipality or other state agency must allege

compliance with N.Y.Gen.Mun.Law §§ 50-e and 50-i or it will be dismissed for failure to state a cause of action." *Wrenn v. New York City Health & Hosps. Corp.*, 104 F.R.D. 553, 557 (S.D.N.Y. 1985). "'[S]ervice of a notice of claim is not required where the cause of action is in equity and money damages are merely incidental . . . .'" *Libbey v. Village of Atlantic Beach*, 982 F. Supp. 2d 185, 214 (E.D.N.Y. 2013) (quoting *Smith v. Town of Long Lake*, 837 N.Y.S.2d 391, 394 (3d Dep't 2007)).

Plaintiffs' eighth cause of action is for public nuisance against NYC. ECF No. 79 at 76. Plaintiffs have not pled that they have served a Notice of Claim. However, Plaintiffs ask only for "an injunction directing NYC to abate the Garbage Orders . . . ." *Id.* at 77. To the extent that Plaintiffs seek money damages, they maintain that "the damages claims laid out in the [second amended complaint] Wherefore clause, Paragraph 9 are only referring to those claims as alleged against WMNY." ECF No. 242 at 30. As Plaintiffs seek only equitable relief against NYC, their claim did not require service of a notice of claim. Therefore, NYC's motion to dismiss for lack of service of notice of claim is DENIED.

## V. Leave to Amend

Plaintiffs argue that the proper remedy is not dismissal but granting leave to amend. Pursuant to Local Rule of Civil Procedure 15, a party seeking to amend or supplement a pleading pursuant to Fed. R. Civ. P. 15 "must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion." Loc. R. Civ. P. 15(a). As Plaintiffs have not provided a proposed amended pleading, the Court declines to grant their request to amend without prejudice.

## CONCLUSION

For the foregoing reasons, WMNY's motion for a judgment on the pleadings [ECF No. 232] is GRANTED in part and DENIED in part; and NYC's motion for a judgment on the pleadings [ECF No. 238] is GRANTED in part and DENIED in part. Accordingly, it is hereby

ORDERED that the first cause of action for a violation of the Clean Air Act § 304(A)(1) is dismissed only as to the Individual Plaintiffs; and it is further

ORDERED that the second cause of action under the Resource Conservation Recovery Act §7002(A)(1)(A) is dismissed as to the Individual Plaintiffs and such claims for noise and personnel training; and it is further

ORDERED that the third cause of action under the Resource Conservation Recovery Act §7002(A)(1)(B) is dismissed in its entirety.

Dated: November 6, 2026
Rochester, New York

ENTER:

HON. MEREDITH A. VACCA
United States District Judge